No. 7863.

STATE EX REL. C. J. LEEDS vs. JUDGE THIRD DISTRICT COURT, PARISH OF ORLEANS.

In a suit brought against the husband on a note drawn by the wife and signed by him only for the purpose of authorizing her, though the note is given for the price of property purchased in the wife's name during the existence of the community, it cannot, with any plausibility, be pretended that the action is brought upon an unconditional obligation to pay a sum of money; and the defendant may be entitled to a jury without making oath as required by art. 494, C. P.

The legal presumption that the purchase is for account of the community, and even the fact that the husband has assumed the debt of the wife, do not change the rule in that respect.

APPLICATION for mandamus.

B. R. Forman for relator:

The relator is entitled to a mandamus from the Supreme Court to compel the judge of the District Court to try a case in which the defendant has no right to a jury. Const. art. 90 ; C. P. art. 829, 830, 831.

The suit is upon the note of defendant's wife and himself, given for the price of property purchased in her name during the existence of the community. The debt is, therefore, his own. C. C. art. 2402, 2398 ; 29 An. 75 ; 10 La. 148 ; 9 Rob. 210 ; 12 An. 598 ; 19 An. 206.

Besides, defendant has assumed the debts of his wife.

This suit is, therefore, upon an unconditional obligation to pay money, and defendant is not entitled to a jury, because he has not made oath according to art. 494, C. P.

Kennard, Howe & Prentiss contra :

Defendant is not sued upon an *unconditional* obligation to pay a sum of money, and is entitled to a jury without making oath as required by art. 494, C. P.

He only signed the note sued upon in order to authorize his wife in the purchase of property made for her own account.

The presumption that all purchases during the community are for its account can be rebutted.   8 An. 286 ; 30 An. 167 ; 1 Rob. 367.

If defendant were liable in this case, his liability would arise, not from his signature placed on the note only to assist his wife, but from the operation of the law.

Defendant's assumption of his wife's debts, which is not binding upon him, because made by attorneys without special power to make it, was only an assumption of community debts, and not of her separate debts.   If there is a doubt in the mind of the court, the trial by jury should be allowed.   3 An. 197.

---

The opinion of the court was delivered by

BERMUDEZ, C. J.   The relator applies for a *mandamus* to compel the District Judge to pass *alone* on a case which he refuses so to try and which he has, at the instance of the defendant, ordered to be submitted to a jury.

The suit to which reference is made was brought against R. E. Rivers, to recover *from him* the amount of a note drawn by *his wife*, with his assistance, in part settlement of the purchase-price of land in her name.   With a view to fasten a liability upon the defendant, the plaintiff has substantially alleged : that the note has, for its consideration, property purchased by the wife with the consent of the husband, for account of the partnership of acquets, for the debts of which the husband *alone* is responsible, and that if the note be not a community debt, but be a liability of the wife, the defendant is still answerable as having, by a proceeding in her succession and otherwise, assumed to discharge all her obligations.   On the other hand, the defense, besides the general issue—mainly is : that the property mentioned was not acquired for the benefit of the community, but by the wife, for herself, her heirs, and assigns, as a paraphernal investment, and that the defendant has never assumed the payment of her individual debts.   A jury was prayed for.   The answer was *not sworn to.*

The case was placed on the jury docket.   It was nevertheless assigned for trial as an ordinary *court* case, to be determined by the Judge *alone.*   When it was called, objection was made by the defendant to its being so disposed of, and a motion was offered to maintain it on the jury docket, to be tried accordingly.

The District Judge declined to decide the case *alone*, and continued it to be presented to a jury.

Dissatisfied with the ruling, which he considers as arbitrary, and averring a state of facts which, if uncontradicted successfully, might have militated to entitle him to a trial by the Judge *alone*, the relator charges a denial of justice, and invokes the power of this court for the enforcement of what he deems to be his right.

In answer to the rule on him, the District Judge has made a return which fully justifies his conduct.

It cannot, with any plausibility, be pretended that the note described in plaintiff's petition, drawn by the wife, with the husband's authorization, apparently given for the solitary purpose of assisting her, is, *on its face*, an *unconditional obligation* to pay money; nor can it be claimed that the document by which it is averred that the defendant has bound himself to pay the debts of his wife brings the case within the same class of obligations. It is not apparent from its tenor that such an assumption was made.

It may well be, when the suit shall be tried, that the plaintiff will assert, and endeavor to establish, that, under the features of the case, the wife could not and did not acquire the property as a *paraphernal* asset; or, that the defendant will insist and prove by evidence, *dehors* the act, that the land was purchased by the wife for her separate advantage, and that she and her estate are alone liable for the payment of the price of sale claimed of him. Those will be matters of fact and of law, upon which we studiously avoid expressing any opinion presently, but it is not until the case shall have been fully developed that the nature of the demand can be well determined.

The presumption that the property was acquired for account of the community, does not *of itself* make the note drawn by the wife, with the assistance of the husband, an unconditional obligation of the latter. That presumption may be rebutted by extrinsic evidence, by a wife, by her heirs, and even by her husband, when sought to be held responsible for a purchase-price which they might deny owing, as well as when the property is claimed as a separate asset of either the wife or the husband; or, they may signally fail in such an attempt.

When the proper time shall have come, the plaintiff may prove that the defendant has assumed to pay the debts of his wife, but the husband may overbalance and annihilate the evidence and propositions as named against him, and show that he has never, directly or indirectly, undertaken the payment of the note in question.

The theory of plaintiff's case appears clearly to be: that *if* the land purchased was acquired for account of the community; or, *if* the note be a debt of the wife, and was assumed by the husband, he, the plaintiff,

State ex rel. Leeds vs. Judge Third District Court.

will be entitled to recover from the defendant, Rivers, the amount of the note and the other sums set forth in the petition.

The case presented by the relator is, therefore, *not* a suit on an *unconditional* obligation to pay money, and the defendant was *not* required to take any oath in order to have it tried by a jury.

The apprehended inconveniences or injury, whether founded or not, consequent upon the delay to which the relator may be subjected by a trial of the case by a jury, are entirely foreign to the issue now presented, and must be left out of view.

It is wisely provided by law, that whenever parties desire to have their differences adjusted rather by a jury than by a judge, sitting by himself, they will, *as a rule*, on application, be entitled to that privilege. They cannot be refused such valuable right, unless the denial is clearly justified. There exist, no doubt, some exceptions to the provision, but the complexion of the cases thus taken out is not to be mistaken.

The legislator intended, for reasons of easy understanding, that cases based upon *unconditional* obligations to pay money should be tried speedily, without the intervention of a jury, but at the same time he was directed that the liability on obligations apparently *unconditional*, can, in given instances, be referred for decision to a jury, provided proper averments in the answer be verified by *affidavit*.

Article 494 of the C. P. refers to the trial of suits founded upon *unconditional* obligations. The averments of the petition against Rivers, accompanied as they are by the note, a copy of the act of sale with which it is identified, and the petition in the *mortuaria* of Mrs. Rivers' estate, impress upon the proceeding the physiognomy of an action predicated upon *conditional, alternative*, and *antipodal* considerations. The relator is not entitled to the relief asked.

It is therefore ordered that the application for a *mandamus* be refused with costs.

Mr. Justice FENNER recused himself in this case, having been of counsel in the matter of the succession of Mrs. Rivers.