State ex rel. Fredricks vs. Skinner, Judge, and Duffy, Sheriff.

## No. 8126.

STATE OF LOUISIANA EX REL. FREDRICKS VS. E. K. SKINNER, JUDGE, AND THOS. DUFFY, CIVIL SHERIFF.

This Court has already several times decided that, under Art. 90 of the Constitution of 1879, it has authority to issue remedial writs to all inferior Courts, even in cases in which no Appeal lies to this Court. In the future, defences of this character will be ignored.

The City Courts of New Orleans can entertain jurisdiction of suits for the ejectment of tenants.

The Sheriff, who has seized property occupied by lessees, has authority to institute such ejectment proceedings before said City Courts, in proper cases.

APPLICATION for Writ of Prohibition.

*J. J. Foley* for the Relator.

First—The First City Court is without jurisdiction to evict a tenant from leased premises, or to entertain a suit for the possession of an immovable. Art. 135 Con. of 1879.

Second—There is no privity of estate or contract between the sheriff who seizes under a fieri facias and the tenant whom he finds in posession, and, consequently, no relation of landlord and tenant.

Third—Property under seizure is in *custodia legis*, and the sheriff, for all the purposes of the writ, must invoke the aid of the court having custody of the property, and of which he is the executive officer.

Fourth—The First City Court is without jurisdiction herein.

*Whitaker & Adams* for Respondents.

### THE PLEA TO THE JURISDICTION.

First—If this cause were within the appellate jurisdiction of the Supreme Court, Fredricks, not having filed any special defense, supported by his oath, that all the facts contained in his answer are true, and entitled him to retain possession of the premises; and not having given bond with good and sufficient security for all such damages as your respondent, Duffy, may sustain, is not entitled to have execution suspended. R. S. Sec. 2157.

Second—As this Court has not cognizance of appeals from the First City Court, the writ in the present case should not have issued. The writ of prohibition can be issued by this Court merely in aid of its appellate jurisdiction. Const. Arts. 135, 130; C. P. Art. 847; 4 R. 48; 10 R. 169; 12 A. 513; 22 A. 459; Ib. 517; 25 A. 381.

### ON THE MERITS.

First—The only question at issue in matters of prohibition is whether the inferior court exceeded the bounds of its jurisdiction. C. P. Art. 845; 27 A. 158; 4 A. 11; 11 A. 696; 14 A. 505.

Second—The lessee cannot contest the title of the lessor, although the latter be a sheriff, who took possession of the property by virtue of a writ of *fi. fa.* 23 An. 586; 17 An. 154; 10 L. 362; 8 R. 213; 11 L. 173.

Third—The civil sheriff, having seized a house, was compelled at the same time to take all the rents and revenue which this property may yield. C. P. Art. 656.

Fourth—The sheriff having seized a house, has the right to institute the proceedings necessary to secure the expulsion of a delinquent tenant; for, in such case, the house remains sequestered in his custody; he may even lease it for a time not beyond that appointed for the sale. C. P. Art. 658.

State ex rel. Fredricks vs. Skinner, Judge, and Duffy, Sheriff.

Fifth—The city courts of New Orleans have jurisdiction in proceedings to expel tenants, after due written notice in accordance with law, to such tenants to remove, whenever the monthly rent paid by the tenant does not exceed one hundred dollars. Const. Art. 135; Act 45 of 1880, Sec. 7; Acts 1855, p. 345; R. S. Secs. 2155, 2156; C. C. 2713.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The questions presented in this case are :

First. Whether the city courts of New Orleans can entertain juris-diction of suits for the ejectment of tenants.

Second. Whether a sheriff, who is in possession under a writ of *fieri facias* of productive real estate, occupied by tenants, has authority to institute such ejectment proceedings before such court in proper cases.

We have already several times decided that under article 90 of the Constitution which vests us with supervisory control and general juris-diction over *all inferior* courts, we have authority to issue remedial writs to them, even in cases in which no appeal lies to this Court.

The exception of the respondents to the jurisdiction of this Court in this matter, on that score, is, therefore, overruled.

In future, defenses of this character will be ignored.

I. The Constitution provides (Art. 80), that the judicial power shall be vested in a Supreme Court, in Courts of Appeal, in District Courts, and in Justices of the peace. It further declares (Art. 92), that no such powers shall be conferred on any officers, other than those mentioned. The inference is irresistible that no one can claim to be clothed with judicial powers, unless he be a member of the Supreme Court, or of a Court of Appeals, or a District Judge, or a Justice of the peace.

By Arts. 81, 90, 89, 200, the jurisdiction of the Supreme Court was de-fined. By Arts. 95, 109 and 125, the jurisdiction of the Courts of Ap-peals and of District Courts throughout the State, the parish of Orleans excepted, was prescribed. By Arts. 128, 130, 135, the jurisdiction of the Court of Appeals, of the District Courts and of the City Courts, for the parish of Orleans, was specially declared.

There exists no difference between the jurisdiction of the Courts of Appeal throughout the State, that of the parish of Orleans included. They were created for the same purposes, and have the same powers.

The difference between the civil jurisdiction of the District Courts, out of, and in the parish of Orleans, is, that the lower limit of the former is *fifty*, while that of the latter is *one hundred* dollars. (Arts. 109, 130).

The difference between the civil jurisdiction of Justices of the peace *out* of the parish of Orleans, and the City Courts *in* New Orleans, is that the upper limit of the original exclusive jurisdiction of the former is

*fifty* dollars, that of their concurrent jurisdiction is *one hundred* dollars in capital (Art. 125), and that an appeal lies to the District Courts when the matter in controversy exceeds ten dollars exclusive of interest (Art. 111), while the upper limit of the jurisdiction of the City Courts which is original and final, is *one hundred* dollars exclusive of interest, and that there lies no appeal from their judgments. (Art. 135).

In the case of the State *ex rel.* Howard vs. Walsh, Constable, not yet reported (O. B. 53, f. 298), we had occasion to consider, to some extent, the question which is now before us, and we there held that the convention intended to, and did abolish, the system of justices of the peace, clothed with *civil* jurisdiction in the parish of Orleans, and designed to and did replace the Justices' Courts by the City Courts, which were vested with an exclusive and *final* jurisdiction in civil matters.

It surely never was contemplated by the framers of the Constitution, while they preserved the organization of Justices of the peace everywhere else in the State and abolished it in the parish of Orleans, to abstain from substituting to it there another system, at least as efficient. Had they so abstained, matters of controversy not falling within the jurisdiction of the Civil District Court in that parish would have found no *forum* for assertion and determination. On the contrary, the evident idea was to provide for judicial officers throughout the State, exercising the powers of justices of the peace, whether under *that name* or *another.* The name was immaterial.

The courts of Justices of the peace, such as they formerly existed, ceased in the parish of Orleans on the day on which the City Courts were organized and went into activity, under article 266, but the laws, not incompatible with the Constitution, concerning their jurisdiction and powers were continued in force, and the causes which were pending before them were transferred to the City Courts, which had jurisdiction thereof, under the Constitution. Art. 261, 3, Art. 135.

In furtherance of constitutional mandatory injunctions the General Assembly has, by Acts 45 and 136 of 1880, organized the City Courts by regulating their territorial jurisdiction; by providing that the manner and form of proceedings before them are to be governed by the laws *then* in force concerning Justices of the peace, and by directing the transfer of the archives, books, and papers of the late Justices' courts to the City Courts in the order indicated, and fixing the costs and fees in all such proceedings, including those in which no amount is claimed. (Act 136, Sec. 14, 6).

The laws relative to the jurisdiction of Justices of the peace in the parish of Orleans, so far as they were not inconsistent with the Constitution, were expressly continued in force (Art. 258); but to the extent, however, that they permitted an appeal, they were abrogated, as the

city courts were given a *final* jurisdiction. (Art. 135). This was done, no doubt, because the city court judges were required to be qualified attorneys, which was not previously the case.

Those laws were mainly to the effect that Justices of the peace had in the parish of Orleans an original jurisdiction and power to hear and determine *all civil* cases in which the amount in dispute did not exceed one hundred dollars, exclusive of interest. R. S. 2074; 25 A. 60; C. P. 1064; in which claims were set up for the restitution of movable property not worth more than one hundred dollars, C. P. 1063; in which the expulsion of tenants was demanded. R. C. C. 2713; R. S. 2155; 8 N. S. 563; 6 L. 54; 2 R. 284; 13 An. 137; 15 An. 660; 32 An. 428. They were not, however, to have jurisdiction in petitory or possessory actions, or even any real rights, even where the value of the property in dispute was less than one hundred dollars. C. P. 1068, 46.

It is proper to state that an action by a landlord to eject his tenant is not possessory in character, as the latter cannot be heard to dispute the title of the former, under whom, and for whose account he precariously holds. The possession of the tenant is that of the landlord.

It is purely an action by a principal against an agent to vacate the property to which no title is involved. Such has always been the uniform interpretation of such an action, both by the Legislature and by the judiciary, as is shown by the authorities just quoted. *V.*, also, 10 L. 362; 11 L. 173; 2 R. 461; 6 R. 139; 8. R. 213; 10 An. 622; 17 An. 154; 23. An. 586.

The words " *sums not exceeding one hundred dollars,*" found in article 135 of the Constitution creating City Courts for the parish of Orleans, were substantially used in previous Constitutions to define the jurisdiction of Justices of the peace. *V.* Art. 82 of Const. of 1864; 89 of 1868.

Identical or similar words are used in the present Constitution to determine the jurisdiction of the Courts of Appeals and of the District Courts, Arts. 95, 109, 111, 128, 129, 130, and have to be accepted in their enlarged signification, so as to comprehend suits in which property or rights in value of the amount specified are claimed, due regard being had to the court before which they are to be brought.

A different interpretation would lead to the absurdity that those courts whose jurisdiction is provided for and defined by similar expressions would have no jurisdiction over cases in which the demand would be for anything but money, and, therefore, that they could not entertain petitory or possessory actions and proceedings in ejectment of tenants; and so, that the citizens and people whom it was the object of the Constitution to protect successfully have rights, but have *no* remedies for their enforcement; a conclusion which is utterly inadmissible.

II.   A sheriff is the forced legal agent of parties litigant, particu-

larly of the defendant, whose property he has seized under due process of law. 6 R. 100; 14 An. 503, 587; 15 An. 34. He is expressly authorized when he seizes houses to take at the same time the rents, issues and revenue which the property may yield, and to receive the rent from those who occupy them. He may lease the same and sue for the rent. C. P. 656, 658; 5 An. 174; 23 An. 585. His powers of administration are a matter of necessity. He cannot, however, exercise more rights than the defendant himself could.

When, therefore, tenants are in possession of property under seizure, and place themselves in a situation in which the defendant could have instituted ejectment proceedings against them, sheriffs and similar officers *virtute officii*, are perfectly empowered to take the steps prescribed by law for their summary expulsion.

Whether in the present instance the facts alleged by the respondent will justify the ejectment asked, is a question on which we have no opinion to express, and which is to be determined by the court before which the case is pending, and whose decision on the subject will be final. Const. Art. 135.

Our conclusions are, that all the laws in *civil* matters which were in force on the first Monday of August, 1880, relative to Justices of the peace in the parish of Orleans, are still in existence; that they apply to, and can be enforced by, the City Courts created by article 135 of the Constitution for the parish of Orleans (which are a new system of Justices of the peace), with this exception that the judgments of said courts are not subject to review by appeal, as were those rendered by Justices of the peace; and that a sheriff has a right in proper cases, and before the competent court, to institute proceedings for the expulsion of tenants from property in his legal custody.

Considering, therefore, that the First City Court has jurisdiction to hear and determine cases of expulsion or ejectment of tenants as validly and effectually as the Justices of the peace for the parish of Orleans could previously have done, and that a sheriff in possession of property seized can, in the cases provided by law, institute proceedings in ejectment of tenants before said court, and that the charge of usurpation of authority is unfounded,

It is ordered that the preliminary order herein made be rescinded, and the application for a prohibition be refused at the relator's costs.

Rehearing refused.