| 36 | 481 |
| 45 | 535 |
| 36 | 481 |
| 106 | 427 |

## No. 9057.

THE STATE EX REL. L. J. BRIGHT & CO. VS. THE JUDGES OF THE COURT OF APPEALS OF THE PARISH OF ORLEANS.

The Supreme Court will not review the ruling of the Court of Appeals upon the admissibility of evidence by any of the writs under which it exercises supervisory jurisdiction over inferior courts.

APPLICATION for Mandamus.

Geo. L. Bright for the Relators.

Respondents in propriis personis.

The opinion of the Court was delivered by ·

MANNING, J. L. J. Bright & Co. obtained judgment in the Civil District Court of this city against one Sheidecker who appealed there-

from—the appeal being cognisable by the Circuit Court where it was lodged. That court reversed the judgment and non-suited the plaintiffs, and gave as the reason for it that the testimony upon which the District Court had acted had not been properly stamped.

The non-suited plaintiffs, appearing now as relators, invoke the exercise of our supervisory jurisdiction to compel the Circuit Judges to consider that testimony, and thereafter to decide the case. The respondents urge that entertaining this complaint will open the door to every litigant against whom they may rule upon the admissibility of evidence.

The Code of Practice, art. 857, assigns the refusal of the inferior judge to hear the party or his witnesses as one of the special causes for granting a writ or certiorari to the end that the validity of his proceeding may be ascertained. But that means an arbitrary refusal to hear any witnesses at all, and not a rejection of testimony because it is held inadmissible. Testimony is inadmissible on various grounds, and if the ground of objection be that it is not stamped, it is as purely an objection to its admissibility as if the objection were that it was irrelevant, or that it could not be heard from any other cause. If therefore we should undertake to revise the action of an appellate court of the last resort on that ground, we should really be reviewing the ruling of that court as if on appeal from it.

In State *ex rel* Chism v. Judge, 34 Ann. 1178, we directed a mandamus to issue to compel a Judge to try a cause who had refused to try it, but we placed it on the ground that the relator had an absolute right to a determination of his action in the manner demanded by him which was the manner prescribed by law, and in refusing to try it the judge was not exercising a legal discretion. In the present case the Judges rejected evidence which they deemed inadmissible, and we should intrude in their jurisdiction if we undertook to say they were right or wrong.

The writ is refused.

### ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. While considering the letter and spirit of Article 857, C. P., which authorizes the granting of the writ invoked, when a a judge refuses to hear a party or his witness, we said, that this meant an *arbitrary* refusal, but not a rejection of testimony, because inadmissable. As we found that the ruling complained of was not that of character, we declined interference.

The relators, however, complain that we did not review the ruling and determine whether it was or not authorized.

State ex rel. Bright & Co. vs Judges.

They argue that an arbitrary ruling is one without reason, and that, therefore, this court should consider the reason which induced the refusal, in order to determine whther it was or not *arbitrary*.

Evidently, the relators misunderstand both the functions of the writ of *certiorari* and the meaning of the word *arbitrary*.

The writ is a mandate which commands the transmission to the court which issues it, of judicial proceedings had in an inferior court, in an unappeable case, that the validity of those proceedings may be ascertained and pronounced upon. C. P. 855, 858. It issues to test the regularity, the validity in point of *form*, not the correctness in point of *substance*, of a court of justice; otherwise, cases not appealable could always be brought up for review in that mode.

In the present instance, the judges of the Court of Appeals have declined to consider the written testimony because not legally stamped. They had jurisdiction over the case and over all incidental matters growing out of it. The proceedings transmitted show that they have exercised their jurisdiction in the *form* prescribed by law.

Their ruling is not an *arbitrary* one. It is not one made without reason, or against reason; it does not appear to be despotic or tyranical, or to have been prompted by whim or caprice. They argue elaborately and refer to decisions made by them in similar case, to the same effect.

It may well be, that they have erred in declining to consider the testimony, in the absence of any objection from the opposite party; that the testimony should not at all have been stamped; that the omission, if any, was caused by stamping it before submission of the cause on appeal or that the law refers only to testimony taken by an officer of the court, during session; that the testimony as offered by the parties should have been deemed as a partial statement of facts, made before appeal; that the law does not authorize the appellate court *proprio motu* to refuse to consider unstamped testimony, where the parties agree to submit their case on such, or for any other reason.

However that may be, the error, if any was committed, cannot be reviewed as is attempted to be done. Were it otherwise, the functions of the proceeding would be perverted and the mandate transformed into a writ of error. Our appellate jurisdiction is well defined by the organic law and cannot be extended even by the Legislature. Although the Constitutional article which has conferrd upon this Court a supervisory control over inferior courts, extends to both appealable and unappealable cases, still it was not designed to enlarge our appellate jurisdiction. It authorizes us to pass upon the correctness, in point of form only, of the rulings and decrees of inferior tribunals in unappealable matters. 32 A. 1222; 33 A. 15,256.

Application refused.