No. 9355.

THE STATE OF LOUISIANA EX REL. THE NEW ORLEANS GAS LIGHT COMPANY VS. THE JUDGE OF THE SECOND CITY COURT OF NEW ORLEANS.

In the exercise of its plenary powers of control and general supervision over inferior courts. under Article 90 of the Constitution, this Court can issue the conservatory writs therein mentioned, as well in appealable as in unappealable cases, in which other courts would be impotent to afford relief.

An order dissolving an injunction on bond, should not be rescinded *ex parte*. The pro ceeding to revoke it should be carried on contradictorily. A decree *proprio motu*, setting it aside, without hearing, is irregular and void.

APPLICATION for Certiorari and Prohibition.

---

*T. J. Semmes & Payne* for the Relator.

*A. A. Ker* and *J. Duvigneaud* for the Respondent.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a certiorari.

The complaint is that the city judge, after dissolving an injunction on bond, has, *proprio motu*, and without hearing the defendant in the case, rescinded the decree; that in thus acting *ex parte*, he has disregarded the form prescribed by law and the practice in such cases; that his action is illegal and that the rescinding order is a nullity.

Prayer is accordingly made that the rescinding order be annulled.

The city judge makes return, excepting to the jurisdiction of this Court over this matter which grows out of a case which he says is appealable from his court to the Civil District Court.

He does not deny any of the facts alleged and does not claim that, under the showing made, the relator, if this Court has jurisdiction, is not entitled to the relief sought.

The city judge does not insist upon the validity of the proceeding complained of. So that the only question submitted strictly is, whether this Court has or not jurisdiction over the case now presented.

When we originally had occasion to consider the meaning, purport and extent of the plenary powers of " control and general supervision" vested for the first time in this Court by the Constitution, Article 90, we concluded that the object of this provision was to fill a gap which had been long felt and deprecated in the administration of justice, in a number of cases, in which the appellate court had often acknowledged its impotence, its want of right to issue the writs, its authority being restricted to cases in which the same were necessary and invoked in aid of their appellate jurisdiction, we declared that Article 90 had emancipated this Court from all previous restraints.

We formally announced that, although the Court of Practice confined the power to issue the writs against inferior judges, to courts having immediate jurisdiction over such judges, we were not bound by the restriction, removed, as it was, by the constitutional provision, to say nothing of an article of the C. P., on the subject of *certiorari*, which declares that the mandate is only granted where there lies no appeal. Art. 857.

We therefore held that we would exercise that supervisory jurisdiction, through the remedial writs under Article 90, whether the cases before the inferior courts were or not appealable. We said substantially:

The use of this power must be regulated by the discretion of the court, which should be most carefully administered and exercised only in cases where there is a flagrant usurpation of authority, or where serious injury may accrue to the parties to whom no other remedies are afforded, or where the intermediate courts are without power to grant relief. 32 Ann. 552, 555. We have since uniformly been accordingly governed. State ex rel. Murray vs. Judge, 36 Ann. 580-1.

It therefore becomes needless to determine of the character of the case before the city court, in point of importance, which the relator represents as being unappealable, while the city judge declares it to be appealable.

It is worthy of note that the original and amended Articles 95, 104 and 128 of the Constitution, confer on courts of appeal the right to

issue like writs, only *in aid* of their appellate jurisdiction. It is likewise to be observed that the recently adopted amendment of Articles 130 and 135 relative to the districts and city courts in the parish of Orleans is silent on the subject. It does not expressly confer those powers on the district court, which has since been clothed with an appellate jurisdiction over city courts., in matters exceeding twenty-five dollars.

It is clear that neither the courts of appeal, nor the district court, which are necessarily vested with all incidental powers required for the exercise of their jurisdiction, although the same be not expressly reserved or delegated, C. P. 130, 877, could not issue the writs, when not invoked in aid of their appellate jurisdiction. The case now before us is not one in which, in its present stage, the district court could thus interfere. The interference would not be justified, as needed in aid of, that is to enforce their appellate jurisdiction.

We doubt very much, to say the least, whether, on appeal, the appellate court could question and pass upon the correctness of the rulings of this Court on an issue presented and determined by it in the exercise of the powers conferred on it by Article 90. The final decrees of this Court could not be permitted to be thus thwarted by an inferior court. Manning's Unrep. Cases, p. 388. Were it otherwise, the decrees and judgments of this Court, might eventually be upturned by an inferior court, an event which public order demands, should not and therefore must not happen.

Although the city judge has not returned, maintaining the validity of the decree complained of, and might be considered as admitting its irregularity and nullity, we think we are authorized to say, that it appears to have been made in disregard of the well settled rule that, as decrees and judgments are the property of those in whose favor the same have been rendered, proceedings to annul them and divest such ownership are necessary and that they should be carried on contradictorily ; that therefore, such decrees and judgments should not be revoked and set aside *proprio motu*, or *ex parte* by the court in which they were made, where the contradictory proceeding is not an absolute impossibility. State ex rel. Moore vs. Judge 22d Judicial District, 37 Ann. p. —.

For those reasons the relator is entitled to the relief sought.

It is, therefore, ordered and adjudged that the order made by the city judge, rescinding that which dissolved the injunction issued in the case, described in the petition herein, be annulled, avoided and set aside and that said city judge be perpetually enjoined from giving any effect which would otherwise result therefrom.