State ex rel.. Daniel Cohen vs. T. C. W. Ellis, Judge.

## No. 10,263.

THE STATE EX REL., DANIEL COHEN vs. T. C. W. ELLIS, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

1.  A *mandamus* will issue to direct the trial of a case in which the judge has refused to go into the merits of the action on an erroneous construction of some question of practice preliminary to the whole case.

2.  Although, by the statute and by the order of court accepting a surrender, all proceedings against the insolvent and his property, are stayed, still they do not abate. The statute distinctly provides that they shall be continued after the failure against the syndic.

3.  A suit brought by a creditor against parties who subsequently fail, can be tried contradictorily with the syndic *alone*, when the property out of which the claim is expected to be satisfied is not in the hands of the syndic. It cannot be required that such a case be cumulated with the insolvency proceedings and primarily determined contradictorily *en concurso*, with all the other creditors, although the suing creditor claims a preference or privilege.

4.  The judgment thus rendered would not be conclusive on the creditors if sought to be enforced against the assets of the insolvency; but must remain subject to their objections and could not be executed, unless contradictorily with them *en concurso*.

State ex rel., Daniel Cohen vs. T. C. W. Ellis, Judge.

# APPLICATION for Mandamus.

### Bayne, Denegre & Bayne for the Relator:

Relator, having sold sugar which was not paid for, sequestered the same under the privilege granted by Article 3227 of the Civil Code, which has been always maintained by this court. 38 Ann. 12; 37 Ann. 53.

The intervenor, claiming to hold the sugar under a bill of lading, applied to the court for permission, which was obtained, to bond the sugar and have it restored to its possession, conditioned to produce it, etc. After the sugar had been released to intervenor, the defendants made a cession of their property; the case was transferred to the court in which the insolvency proceedings were pending, syndics were appointed who filed their answer, and in due course the case was called for trial.

The plaintiff and defendants being ready for trial, the intervenor objects on the ground that the case can only be tried in the matter of Haynes & Rogers vs. Their Creditors, and upon tableau of distribution, and to this the answer was given: First, that the intervenor has no right to interfere in the trial; and, second, that there is nothing to distribute; that the syndics have nothing in their possession or control, and can have nothing until the rights of relator and intervenor are first settled, and these must be settled in the original suit as a condition precedent to going into *concurso*. C. P. 391, 394; Hennen's Digest, Pleadings, viii (d) 1), p. 1177, No. 1, p. 1178, Nos. 5 and 11; Grainer vs. Devlin, 1 La. 171; Marigny vs. Johnson, Syndic, 3 N. S. 551.

The Judge sustains the exception of the intervenor, and thus there is a block interposed to all further proceedings, and the intervenor having obtained possession of the property seized, denies the right of any party to enforce his bond or to proceed to trial to determine the rights of the parties.

Where there is a legal right, there should be a legal remedy, and all relator asks is that he may have such remedy through the courts.

We respectfully ask the Court to afford us the relief to which we are entitled.

### Carleton Hunt for the Defendant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus*. The complaint is that the district judge refuses to try a suit brought against certain parties and in which an intervention had been filed, the defendants subsequently surrendering to their creditors.

The refusal is based on the ground that the suit cannot be tried separately from, but must be cumulated with, the insolvency proceedings and determined contradictorily with the creditors *en concurso*.

The district judge returns in that sense, adding that the question had been previously determined by his predecessor, he thinks, correctly.

It appears that Cohen, the relator, brought suit against Haynes & Rogers for the price of certain sugar sold them, sequestered within five days after the sale, and that the Union National Bank intervened, claiming the possession of the property seized, which it obtained, after some litigation, on bonding it. Haynes & Rogers vs. Creditors, 40 A. p. —

A few days after the bringing of the suit, the defendants made a cession to their creditors.

The suit which had been allotted to one division of the court, was transferred to another to which the insolvency had been allotted.

Issue having been joined, the case was fixed for trial and was about to be proceeded with, when the intervenor objected to a separate trial, on the ground, that the suit cummulates with the insolvency proceedings and is to be tried contradictorily with whom it may concern.

The objection was sustained by the trial judge, who was since succeeded by the defendant judge, to whom an application was made to proceed with the trial of the case, separately, which was declined for the reasons already stated.

The present proceeding is brought against both the judge and the syndic.

The latter answers that neither the property nor the bond representing it has come to his possession; that he has nothing upon which a contest can be based and which can be placed upon any tableau of distribution, and that the rights of plaintiff and intervenor, seem to be necessarily precedent to the exercise of any power by him.

Though not made a party defendant—the proceeding being strictly addressed to the judge, (C. P. 829) — the bank has filed a brief adverse to relator, claiming that the case is not one in which a *mandamus* can issue, as the ruling complained of can be reviewed on appeal and that, even then, the ruling is correct.

Relatively to the question of our jurisdiction to allow the relief now sought, it suffices to say, that it is a settled rule, expounded by this Court, that a distinction is recognized between cases in which it is sought by *mandamus* to control the decision of the inferior court on the merits of a cause and cases in which it has refused to go into the merits of the action, upon some erroneous construction of some question of law or practice, preliminary to the whole case. High on Ex. Rem., § 151; State ex rel., Chism and Boyd vs. Judge, 34 Ann., 1178.

The precedents to which reference is made to establish that mandamus cannot be allowed where an appeal lies from the order or decree complained of, are of cases originating under the previous Constitutions, which did not vest, as the present does, the Supreme Courts with supervisory jurisdiction and control over inferior courts. Article 90.

The question now, therefore, arises : Whether the refusal of the juged to try the case as an independent controversy is or is not well founded ?

It is evident that, under the general provision of the law, relative to the disposition made of suits brought *against* parties who subsequently

surrender to their creditors, the transfer of the suit from the division before which it was pending, to that which had acquired jurisdiction over the cession, was legal and proper.

The Code of Practice, Article 165, § 3, distinctly provides that all such suits must be carried before the court in which the failure was declared; but it does not say what is to become of it there.

In 1855, (Act No. 322), § 33, p. 437) the Legislature reviewed the 33d section of an Act of 1817, p. 308, which is to the effect, that all suits thus brought, anterior to the failure, shall be transferred to the court in which the insolvent debtor shall have presented his schedule and shall be *continued against his syndic.* R. S. 1816.

The contention here is that such suit cannot be heard and determined contradictorily with the syndic only, as an independent and distinct suit, but must be cumulated with the insolvency proceedings and determined contradictorily with the creditors *en concurso.* The distinction is conceded that although a suit for the recovery of a sum of money could be thus tried contradictorily with the syndic alone, and not *en concurso,* this cannot be permitted when to the claim is coupled a prayer for preference and privilege.

Reference is made to authorities to maintain that position; but they do not apply, for the obvious reason, recognized in Tenny vs. Provosty, 14 Ann. 221, that the property *was in the hands of the syndic,* which is not the case here, and that the objections were raised by syndics or creditors and not by parties not involved in the cession.

In those cases in which the Act of 1817 was ignored, it was surely well said that the Court could not render a judgment allowing finally a preference, or privilege, which would bind the creditors, as the property out of which the claim was expected to be satisfied was in the hands of the syndic.

The rule is, therefore, the other way; when the property, or what represents it, is not in the hands of the syndic, although, even then, the judgment would not conclude the creditors. When sought to be enforced against the property in the hands of the syndic,— the other proving insufficient,—it should be established contradictorily with them *en concurso.* See cases of Nicolopulo, 37 Ann. 472, and of Jaquet, 38 Ann. 864.

The text of the Act of 1817, which is to be found as section 1816 of the Revised Statutes, goes further than the Code of Practice. It not only declares that the suits brought anterior to the failure should be transferred, but *continued against the syndic.*

Surely when a debtor surrenders, and his cession is accepted by the

Court for the creditors, all proceedings against him and his property are, by the law and the order of the judge, *stayed;* but those proceedings do not *abate;*—the statute directs that when pending before a different court they shall be transferred to that in which the schedule has been presented, and shall be there *continued against the syndic.*

It does not say that the suit shall be cumulated with the insolvency proceedings and tried contradictorily with the creditors *en concurso..*

In the settlement, as well of successions as of insolvencies, creditors have several remedies.,

They may present their claims for recognition to the succession or insolvency representative, and, if not recognized, they may sue directly either official, or oppose an account, or tableau of distribution.

As a rule, a direct suit may be of great benefit, as it may possibly intercept prescription and may secure property against an illegal or unjust disposal of it, or serve some other useful purpose.

When the claim is judicially recognized, the judgment authorizes the plaintiff to enter appearances in the *mortuaria,* or in the insolvency, which may be to his advantage, and thus dispenses with proof of his interest, when he first asserts it; but this judicial recognition gives no more authencity or validity to the claim than would an ordinary acknowledgment by the succession or bankruptcy representative could have done, as such recognition would itself be barren of effect until admitted by the account, or established by judgment on an opposition to it, which, as a condition precedent to satisfaction of the claim, must have been homologated.

No doubt, it might be preferable, in the interest of the plaintiff in the suit in question, now that his claim is in court and issue has been joined on it by the syndic and an intervention has been filed, to have it treated as an opposition to the account to be filed by the syndic; but he may have reasons satisfactory to himself to act as he does, and he cannot be controlled in the exercise of his rights as to the discretionary form in which he chooses to present them.

The judgment in the case in question, although it should not conclude the syndic or the creditors, will have this good result that it will set at rest all differences between the plaintiff and the intervenor. From that standpoint, at least, the proceeding should be continued, tried and determined as it stands.

Had the syndic made the objection, pressed by the intervenor, to the trial, it might have had some weight, as the insolvency has a contingent interest at stake, should the plaintiff and the intervenor fail; but, coming from the latter, to whom it must be a matter of utter insignificance

should plaintiff recover, and how the case is tried, whether separately or contradictorily, *en concurso*, it can hardly be considered. It does not lie in the mouth of the bank to set it up, particularly as the syndic asserts that he has possession neither of the property, nor of the delivery bond, and that the rights of the plaintiff and of the intervenor are necessarily precedent to those of the insolvency.

The rights of the latter are, to some extent, recognized by the relator, for, he admits that, when the controversy between him and the bank shall have been determined, if relator is successful, the syndic will be entitled to receive the proceeds of the bond and distribute them by the tableau contradictorily with all the creditors *en concurso:*

The conclusion reached is, therefore, that as the plaintiff in the suit insists that the trial of his case be continued against the syndic alone, the suit cannot be treated as necessarily cumulated with the insolvency proceedings, and as to be determined only contradictorily with all the creditors *en concurso.*

It is therefore ordered and decreed that the *mandamus* sought be made peremptory, and accordingly, that the respondent do proceed to try the merits of the suit in question without prejudice to any of the rights of the creditors of the insolvent to resist the judgment to be rendered, however it may go, whether in favor of plaintiff or of intervenor, and that relator recover his costs.

Mr. Justice Fenner recused himself.