No. 10399.

THE STATE EX REL. JULES LEBLANC AND DESIRÉ RICHARD VS. ANDREW HENRY, JUSTICE OF THE PEACE OF THE FIFTH WARD, PARISH OF ACADIA.

1. The grant of power conferred by Article 90 of the Constitution giving this court supervisory jurisdiction over inferior courts, is entirely independent of that conferred by the Code of Practice on the courts therein designated

2. It is not until after a plea to the jurisdiction has been made and overruled below, that an application for a prohibition can be entertained in this court.

APPLICATION for Prohibition and Certiorari.

---

*J. E. Barry* for the relators.

---

The opinion of the Court was delivered by

WATKINS, J. Relators are the defendants in the suit of Francis T. Nicholls, Governor, against them, which is pending in the respondent's court, wherein demand is made for $100, which demand is grounded on the alleged forfeiture of a certain peace bond signed by LeBlanc as principal and Richard as surety *in solido*.

They assign three grounds for relief by prohibition, viz:

1st.   That the amount of the principal of the bond, and the cost of the proceedings in which it was taken, aggregate a sum in excess of $100, and which are both virtually involved in said suit, and that in entertaining jurisdiction thereof, the respondent has transcended the bounds of his jurisdiction.

2d.   That in the matter of taking peace bonds the powers of justices of the peace are confined to those exercised by them, when acting as committing magistrates.

3d.   That if the respondent has jurisdiction in the premises, the suit was incorrectly brought in the name of the Governor of the State.

Repondent excepts to this proceeding and declines the jurisdiction of *this* court on the ground that it has no *appellate* jurisdiction of the subject matter of the litigation in his court, and for that reason it cannot entertain the writ of prohibition; and, in the alternative avers that his court had full and complete jurisdiction of said suit on relators' bond; but that if, in fact it had not, relators have not tendered and filed any exception to his want of jurisdiction, and not having exhausted his remedy he is without right to claim a writ of prohibition.

The exception of respondent is not well taken, because district courts, having appellate jurisdiction over causes brought up for review, from justice courts, have no power to issue writs of prohibition, etc., as this court has.   We had occasion to say recently that "article 90 of the present constitution, vests this court with control and general supervision over *all* inferior courts, and with power to issue writs of *certiorari*, prohibition, mandamus, *quo warranto*, and other remedial writs.

"The constitution does not confer *similar* supervisory jurisdiction on any other court, whether it be district court, or a circuit court; although it vests the other appellate courts with the power to issue like writs *in aid of their appellate jurisdiction.*

"Those courts have therefore no power to issue any of those writs, when not in aid of their appellate jurisdiction." State ex rel. Hirsch vs. Judge, 39 Ann. 98;   State ex rel. Gas Light Co. vs. Judge, 37 Ann. 286;   State ex rel. Leversey vs. Judge, 34 Ann. 741.

In the instant case it appears that the suit of which relators complain is yet in its incipiency, no answer having been filed or trial had therein, and hence the stage at which the appellate jurisdiction of the district court could attach, has not been reached, and, *at this time, its* power to grant the relief sought, is not availing.   But even if it were, that fact would not deprive *this* court of the power to give it. The grant of power conferred by article 90 of the constitution is altogether independent of

that conferred by the Code of Praatice, and it may be exercised by us, notwithstanding some other court might likewise do so.

The answer of the respondent suggests, however, a fatal defect in the proceedings, which puts it beyond our power to grant relators relief, and it is, that there appears to have been filed in the respondent's court *no exception* to his jurisdiction, and that is a condition precedent to relief by prohibition.

In State ex rel. Morgan's Railroad Co. vs. Judge. 37 Ann. 845, we said, substantially, that it is not until after a plea to the jurisdiction has been made and overruled below, that an application for a prohibition can be entertained in this court. In the absence of an averment to that effect, the prayer for relief is premature and cannot be allowed. Such is the case here.

It is therefore ordered that the restraining order granted be rescinded, and set aside, and that a prohibition be refused at relator's cost.