## No. 14,073.

STATE EX REL. A. SORREL VS. HON. T. DON FOSTER, JUDGE.

### SYLLABUS.

1. Article 90 of the Constitution of 1879 and Article 94 of the Constitution of 1898 give this court plenary powers of control and general supervision over inferior courts.
2. And in the exercise of this power the court will issue its writs in its discretion, according to the exceptional features of each case submitted.
3. The writ of *mandamus* will lie to compel a judge to try a case when he declines to try it on an erroneous determination of a question of practice preliminary to the whole case.
4. Act No. 70 of 1886 relieves the owner of stock killed from proving negligence or fault on part of the railway company, in an action to recover the value of the stock.
5. Accordingly, a sufficient cause of action is set forth by the owner when he avers his animal has been killed, when and where killed, and that its value is so much.
6. As a plaintiff may not prove what he does not allege, so he need not allege that which he does not have to prove to make out his case.

A PPLICATION for writs of *Mandamus*, Prohibtion and *Certiorari*.

*Cammack & Muller,* for Relator.

*Percy Saint,* for Respondent Judge.

The opinion of the court was delivered by

BLANCHARD, J. The relator instituted suit in the Second Justice of the Peace Court, Parish of Iberia, against Morgan's Louisiana and Texas Railroad and Steamship Company to recover the sum of ninety dollars, the value of a bull killed by the company's train of cars.

The company failed to plead or appear in the Magistrate's Court and judgment in due course was entered up in favor of the relator for the amount claimed.

Whereupon, the company took a suspensive appeal to the District Court of that parish, of which the respondent herein is the presiding Judge.

In the appellate court the defendant company filed an exception of no cause of action.

While the Justice Court is not a court of record and no petition setting forth a suitor's cause of action is necessary, it seems, nevertheless, that Sorrel (plaintiff in that case, relator herein) did file a petition in which he alleged the killing of his bull by the railway cars, the time and place of killing, the value of the bull and failure to pay on amicable demand made. His prayer was for citation upon the defendant company and judgment for $90.00 and costs.

The exception of no cause of action filed in the District Court was leveled at this petition in this, to-wit:—that it did not contain an allegation the bull had been killed through the fault of the agents of the company.

This exception, tried on the face of the papers, was sustained by the District Judge and the plaintiff's suit dismissed at his costs.

After vainly urging an application for new trial, the plaintiff, Sorrel, applied to this court for the exercise of its supervisory control under Article 94 of the Constitution of 1898.

This is sought through the writ of *certiorari* coupled with *mandamus*.

Relator alleges he has exhausted all legal remedies before the inferior court; that he has no remedy by further appeal; and that justice has been denied him.

He contends no petition was necessary setting out his case in the Justice Court, and even if it were it was not required it should contain an averment that the bull was killed through the negligence of the railway; that Act No. 70 of 1886 specially relieves the owner of stock killed by a railroad from showing the killing was the result of the fault of the company; that all the owner has to prove is the fact of killing and the value of the animal, and thereupon he takes judgment, unless the defendant shows affirmatively the injury or killing was not through its fault or negligence; that if it be not incumbent on a plaintiff *to prove* negligence it would be vain and idle for him *to allege* it.

The prayer of the application for the writs is that the respondent Judge be commanded to reinstate the cause on his docket and proceed to the trial thereof on its merits.

Responding to the rule *nisi,* the Judge sends up the record of the case; pleads to the jurisdiction of this court to grant the relief sought; avers the court cannot legally direct inferior courts in the matter of the judgments they should render in causes pending before them; that *certiorari* cannot be substituted for appeal, etc.

He further responds that while it was not incumbent on the relator to file a petition in the Magistrate's Court, he did, in point of fact, do so and is bound by the pleadings so filed; that in his petition he had failed to allege the killing of the bull was the fault of the railway company; that this averment was sacramental and without it no cause of action was disclosed.

His further contention is that Act 70 of 1886 merely shifts the burden of the proof of negligence in damage suits for killing stock from the owner to the railroad company, and does not relieve the owner from the necessity of alleging the negligence of the company.

*Ruling*—Article 90 of the Constitution of 1879 and Article 94 of the present Constitution give this court plenary powers of control and general supervision over inferior courts.

State *ex rel.* Gas Light Co. vs. Judge, 37 La. Ann. 285; State *ex rel.* Murray vs. Judge, 36 La. Ann. 578; State *ex rel.* LeBlanc and Richard vs. Judge, 41 La. Ann. 908.

It is this power which is here invoked, and this court will issue its writs in its discretion according to the exceptional features of each case submitted. 36 La. Ann. 582.

The writ of *certiorari* will issue, coupled with *mandamus,* when the Judge of an inferior tribunal refuses to try a case and such refusal amounts to a denial of justice.

State *ex rel.* Boyd vs. Judge, 34 La. Ann. 1178; State *ex rel.* Bright vs. Judge, 36 La. Ann. 482; Montague vs. Coquillon, 35 La. Ann. 1102; State *ex rel.* Sheehan vs. Judge, 32 La. Ann. 315; State *ex rel.* Fredericks vs. Judge, 33 La. Ann. 146.

The writs thus coupled will be issued in cases where the law has assigned no relief by the ordinary means and when justice and reason require that some mode should exist of redressing a wrong, or of redressing an abuse of any nature whatsoever. C. P. 830, 837, 838; 36 La. Ann. 578, 581.

Here, there was no appeal from the ruling of the District Judge, and, consequently, no relief could be had by the ordinary means.

The position of the relator is that the Judge illegally refused a trial

of his cause on its merits, and that this refusal is equivalent to failure to perform duty.

It has been distinctly held that the writ of *mandamus* will lie to compel a Judge to try a case when he declines to try it on an erroneous determination of a question of practice preliminary to the whole case.

State *ex rel.* Cohen vs. Judge, 41 La. Ann. 41; State *ex rel.* Chism & Boyd vs. Judge, 34 La. Ann. 1177; State *ex rel.* Leeds vs. Judge, 32 La. Ann. 542; *Ex parte* Bradstreet, 7 Peters, 634; U. S. vs. Judge, 5 Cranch, 115; see also High Ex. Rem. §§ 151, 250, 251.

A distinction is always recognized between cases where it is sought by *mandamus* to control the decision of the inferior court upon the merits of a cause, and cases where it has refused to go into the merits of the action upon an erroneous construction of some question of law, or of practice preliminary to the case. State *ex rel.* Isaacson vs. Judge, 34 La. Ann. 76.

And that is the case at bar. Relator urges that the respondent Judge has dismissed his case on an erroneous determination of a question of practice preliminary to a trial upon its merits.

The question, then, presented is:—Did the Judge err in sustaining the exception of no cause of action because the relator had failed to allege in his petition the killing of his bull was the result of the fault of the railway company?

The answer to this depends upon the effect to be given to Act 70 of 1886.

That Act reads:—

"That in suits against railroad companies for the loss of stock killed or injured by them, it shall be sufficient in order for the plaintiff and owner to recover to prove the killing or injury, unless it be shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part, or the negligent or indifferent running or management of their locomotive or train."

It will be observed this statute changes in an important respect the rule which obtained prior to its enactment. Then, the claimant owner must prove the killing or injury and *the fault of the company.* Now, it entirely suffices for the owner to recover that he prove merely the killing or injury.

Since the law *relieves* the owner of proving negligence, wherefore the necessity of *alleging* that which he does not have to prove?

His cause of action is complete, under the law as it now stands, when he sets forth his animal has been killed by the defendant company, where and when killed, and that its value is so much.

He does not have to prove anything save this to recover. Therefore, he has a cause of action when he alleges this.

The public policy of the State announced in Act 70 of 1886 is that railway companies must pay for all stock killed or injured by their trains unless they (the companies) succeed in showing the killing or injury occurred through no fault of theirs.

It is, therefore, *for the railway company,* in its answer to a suit, to *allege* no negligence and to *prove* no negligence.

It is not for the plaintiff to either *allege* fault or *prove* fault on part of the company.

It would be requiring a vain thing of the plaintiff to insist he must allege negligence when he does not have to prove it. It is surplusage to aver that which need not be proven to make a case. Rice on Evidence, Vol. 2, p. 1101.

As a plaintiff may not prove what he does not allege, so he need not allege that which the law relieves him from proving.

The district judge should have overruled the exception of no cause of action filed in his court, based on the absence of the averment of negligence in the relator's petition.

·It is, therefore, ordered that a peremptory writ of *mandamus* do issue commanding the respondent judge to reinstate the cause of A. Sorrel vs. Morgan's Louisiana and Texas R. R. & S. S. Company on his docket and to proceed to the trial thereof on its merits.