## No. 14,414.

STATE EX REL. JOHN C. HORTER vs. JUDGES OF THE COURT OF APPEAL FOR THE PARISH OF ORLEANS.

### SYLLABUS.

Where it appears that a title set up to property by one who claims possession under it is contested by the possessor of the property, who, fearing eviction, sues to annul the title and enjoins against eviction, the *possession* of the property is not alone at issue, and the value of the property being in excess of $2000 this court, and not the Court of Appeal, has jurisdiction to entertain an appeal involving the controversy.

APPLICATION for Writs of *Mandamus* and *Certiorari*

*Harry H. Hall,* for Relator.

Respondent Judges *pro se.*

*E. Howard McCaleb,* for David G. Baldwin, Respondent.

The opinion of the court was delivered by

BLANCHARD, J. David G. Baldwin instituted suit *via executiva* against John C. Horter in foreclosure of a mortgage for $10,000, and at the sheriff's sale which followed purchased the property covered by the mortgage for $6,500.

Horter, who occupied the premises thus bought, thereupon brought an action against Baldwin and the sheriff to have this sale to Baldwin decreed null, and to enjoin them from dispossessing him of the property.

To the petition setting forth his complaint, defendants, Baldwin and the sheriff, filed exceptions of no cause of action, which the trial judge sustained, dismissing the suit and dissolving the writ of injunction.

Whereupon, Horter took an order of appeal from this judgment to the Court of Appeal for the Parish of Orleans, and lodged the appeal there.

It was met by a motion to dismiss for want of jurisdiction *ratione materiae* in that tribunal.

The Court of Appeal, acting rather *ex proprio motu* than on the motion to dismiss, because of some irregularity affecting the latter, held the court to be without jurisdiction and dismissed the appeal.

Whereupon, the appellant, Horter, failing in his application for re-

hearing, applied to this court for its writ of *certiorari* to bring up the record of the cause, and for a writ of *mandamus* to compel the Court of Appeal to entertain jurisdiction of the appeal.

It is alleged that no other court has jurisdiction of the appeal and unless the Court of Appeal is constrained to take jurisdiction, relator will be deprived of his right of appeal altogether, and that no relief in the premises is open to him except through the writs of *certiorari* and *mandamus*. See State *ex rel.* Sorel vs. Foster, Judge, 106 La. 425.

To the rule *nisi* issued by this court, the respondent judges make return, justifying their action in dismissing the appeal on the ground that the purpose of the suit brought by relator against Baldwin and the sheriff was to annul a judicial adjudication of real property made under executory process to enforce a mortgage for $9,500 on property which Baldwin had bid in at the sale for $6,500, and the value of which is averred by the relator to be $16,000.

The contention of the relator is that what is at stake in the suit he brought against Baldwin and the sheriff is *the possession* of the property, which is not worth more than two thousand dollars, or a sum within the maximum jurisdiction of the Court of Appeal. He insists his proceeding is one to be protected from trespass in his *possession* only.

It is deemed unnecessary to discuss the averments of the petition. The character of the action is determined by its prayer.

The prayer of the petition in the suit against Baldwin and the sheriff is two-fold:—

1. Judgment is asked in favor of the petitioner and against the defendants, decreeing the sale made by the sheriff under the executory process, which issued at the suit of Baldwin vs. Horter, and all the proceedings had thereunder, to be null and void and of no effect.

2. A writ of injunction is asked restraining Baldwin and the sheriff from taking any further proceedings under and by virtue of the executory process, or the sale and adjudication made thereunder, or from interfering by virtue thereof with the petitioner in his possession of the property sold.

Here, then is a suit, one of the demands of which, and the one upon which the other demand is predicated, is to annul a sheriff's sale of property which the relator in his petition to annul avers to be worth $16,000, which was proceeded against in foreclosure of a mortgage for $9,500 and which brought at the sale $6,500.

All these amounts are far beyond the maximum jurisdiction of the Court of Appeal.

In order to determine whether relator is entitled to be maintained in that possession of the property which he avers is really the only thing at issue, it must first be decreed that the sheriff's sale of the property to the purchaser, Baldwin, who seeks possession thereunder, is null.

Since the sheriff's sale affects property of a value far in excess of the jurisdiction of the Court of Appeal, it must be held that tribunal has no authority to entertain the appeal.

Because the relator, in his petition in the suit against Baldwin and the sheriff, sets up that Baldwin is the owner of the property in question under a tax title acquired pending the advertisement of the property for sale under the executory proceedings, avails nothing in the way of vesting jurisdiction in the Court of Appeal.

Baldwin was not claiming, at the time he was enjoined, possession of the property under the tax title it is alleged he had acquired. He was claiming possession as adjudicatee at the sheriff's sale The title he set up to the property was the one springing from the sheriff's sale. His right of possession—the one he was preparing to enforce—was predicated on that title.

If the title be good and valid the writ of possession he was about to invoke would lie. Who is to decide whether the title is good? Why only that court vested with jurisdiction covering the value of the property as to which the *particular* title set up is contested.

That court is the District Court, in the first instance, and this court on appeal.

On the merits of the controversy, the contention of relator that the acquisition by Baldwin of the property at tax sale extinguished the note and mortgage by confusion and, thereafter, the executory proceeding no longer had virile force, may or may not be good. But what court on appeal is to determine the question thus raised? Why, only that court whose jurisdiction is latitudinous enough to embrace controversies involving property of the value of that over which this dispute arose.

It is not, then, the mere *possession* of the property that is in dispute. A *title* to the property set up by Baldwin is contested and denied. It is *that* title upon which he chose to rest his right of possession, rather than upon that other which he acquired at tax sale.

It is ordered that the rule *nisi* which issued herein be discharged, and that the peremptory writ of *mandamus* be denied at the cost of the relator.