On Rehearing.
(Dec. 14, 1903.)
MONROE, J.
It is said that, inasmuch as relator’s right to vote in 1903 and 1904 depends upon the payment of his poll tax for 1902 within the year, that right is at issue in this case; that it is worth more than $2,000; and hence that, as to the relator, this court has jurisdiction of the appeal; and from this it is argued that such jurisdic *193 tion necessarily attaches with respect to the appeal taken by the respondent.
It is indisputable, however, that the relator could have secured the coveted franchise by the payment, either in person or through the mail, of the sum of $1; and it is equally beyond dispute that the defendant, in the event of his complying with the relator’s utmost demands, would sustain no pecuniary loss, and would suffer no other invasion of his right, if right there be, than would be involved in his receiving the dollar from the relator’s agent, rather than from the relator personally or through the mail. The real and only issue in the case, therefore, is whether the relator has the right to pay his poll tax through a representative, or whether it is necessary for him to conform to a rule established by respondent that the poll tax must be paid by the debtor either in person or through the mail. Conceding, arguendo, that the relator had the right to pay through a representative, and that the defendant unlawfully denied him that right, he could still have secured the right to vote by paying in person or through the mail, so that, as to him, the value in dispute is the value of the right to pay in one way rather than another. Upon the other hand, conceding that the respondent had the right to require that the payment should be made by the relator in person or through the mail, the value' in dispute, as to the respondent, is measured by the value of the right to enforce the rule established by him. But there is not a syllable in the record to show that the value of the right thus asserted by either party exceeds $2,000, so that, the Constitution offering no other basis therefor, if this court assumes jurisdiction of the appeal, it must do so upon the violent presumption that it is worth more than $2,000 to the relator to pay his poll tax in one way, and more than $2,000 to the defendant to compel him to pay it in another way; either way, so far as we can see, being equally within the power of the relator, and equally convenient to the respondent.
Article 85 of the present Constitution contains an enumeration of the cases in which this court is authorized to exercise appellate jurisdiction, beginning with “all eases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest”; and no such case as that here presented is included in the enumeration. Evidently, however, it was thought that cases would be likely to arise in which it might become necessary, in the interest of justice, to invoke the authority of this court in some other way than by appeal. Article 101 therefore provides a method of reviewing cases otherwise cognizable in last resort in the Courts of Appeal; and, in order to provide for still other possible cases, which might be within neither the appellate jurisdiction conferred by article 85, nor the jurisdiction conferred by article 101, article 94 provides that “the Supreme Court shall have control and general supervision of all inferior courts,” which jurisdiction, it had been repeatedly held, may be exercised in all cases “where serious injury may accrue to the parties to whom no other remedies are afforded.” State ex rel. Gaslight Co. v. Judge, 37 La. Ann. 286; State ex rel. Murray v. Judge, 36 La. Ann. 580; State ex rel. Hirsch v. Judge, 39 La. Ann. 97, 1 South. 281; State ex rel. Le Blanc & Richard v. Justice of the Peace, 41 La. Ann. 908, 6 South. 807; State ex rel. Sorrel v. Judge, 106 La. 425, 31 South. 57.
Our conclusion, then, upon 'a re-examination of this case, is that this court had no jurisdiction of the appeal. It is, therefore ordered, adjudged, and decreed that the judgment heretofore rendered be now reinstated, and made the final judgment of the court.