No. 2425

Second Circuit

———

MACK v. T. & P. RY. CO.

———

(March 14, 1928.   Opinion and Decree.)
(May 22, 1928.   Rehearing Refused.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Railroads—Par.   88, 89; Evidence—Par. 58, 59, 351.**

Where the preponderance of evidence shows that the brakes of the train had not been applied although the peril of the animal had been discovered when it was two hundred and seventy feet away, the engineer was negligent and the railroad did not discharge the burden of proof imposed on it by Act No. 70 of 1886.

Appeal from the First Judicial District Court, Parish of Caddo.  Hon. E. P. Mills, Judge.

Action by Jim Mack against Texas and Pacific Railway Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Foster, Hall and Smith, of Shreveport, attorneys for plaintiff, appellee.

Wise, Randolph, Rendall and Freyer, of Shreveport, attorneys for defendant, appellant.

WEBB, J.   The defendant appeals from a judgment awarding plaintiff damages for the value of an animal killed by one of the trains operated by defendant, and it is urged that the judgment is erroneous in that the evidence establishes the animal came upon the track in such close proximity to the train it was impossible for the engineer to avoid the accident.

The law placed upon the defendant the burden of proving that it was not at fault (Act No. 70 of 1886; State vs. Foster, 106 La. 425, 31 So. 57; White vs. V. S. & P. R. R. Co., 2 La. App. 88; Nelms vs. L. R. & N. Ry. Co., 3 La. App. 428); and although it may be impossible for the engineer to stop or reduce the speed of the train and avoid striking an animal coming upon the track, this involves more or less a matter of speculation, dependent upon circumstances not wholly in the control of the engineer, and where the animal comes upon the track at such a distance in front of the train as would enable the engineer to apply the means under his control it is his duty to do so, having regard to the safety of the train.

The preponderance of the evidence in the present instance shows that after the peril of the animal had been discovered, the train traversed a distance of approximately two hundred and seventy feet, and that the brakes were not applied or the speed of the train reduced within such distance, and although the interval of time between the discovery of the peril of the animal and when it was hit by the train was short, accepting the statement of the train crew as to the speed of the train, we are of the opinion that the speed of the train could have been reduced within such distance and time, and this being the case, the defendant did not discharge the burden of proof placed upon it by the statute.

The judgment appealed from is therefore affirmed.