State ex rel. Murray vs. Judge.

## No. 9176.

THE STATE EX REL. P. A. MURRAY VS. H. L. LAZARUS, JUDGE OF CIVIL DISTRICT COURT, PARISH OF ORLEANS, DIVISION E.

The ruling of a district judge refusing a preliminary injunction is reviewable on an application for a *mandamus*.

A suspensive appeal from such ruling would afford no adequate relief.

In the exercise of the supervisory powers vested in this Court by the present Constitution, relief can be allowed in cases of denials of justice, in which, under previous Constitutions, none could be awarded.

A *mandamus* lies to compel a district judge to grant an injunction *in limine*, where a clear case is presented and the requirements of the law have been complied with and where injury would result were the apprehended act, sought to be prevented, not arrested.

The writ may issue at the discretion of the court where the law has assigned no adequate relief by the ordinary means and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature ; also, even where a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the administration of justice may suffer.

The articles of the Code of Practice, dormant under previous Constitutions have been vivified by Article 90 of the present Constitution and serve as guides, in the exercise of the supervisory jurisdiction of this Court.

In a proper case, this Court may issue a restraining order which will produce the effect of the injunction asked, had it been granted.

There is no error in refusing an injunction where the facts alleged are insufficient, the petition disclosing no cause of action.

APPLICATION for Mandamus.

G. L. *Bright* for the Relator.

*Bayne & Denegre* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus*.

The relator claims that he was arbitrarily refused an injunction on the face of a petition entitling him to one, duly sworn to and accompanied by a proper bond. He avers that his petition is in due form, that the judge had no discretion to exercise and was bound to grant the writ as a matter of right; but that he illegally and wrongfully refused the same.

He annexes the petition to the present application.

That petition relates substantially, that the petitioner has complied with a judgment of this Court forbidding him from occupying and using certain premises of his, for the purpose of manufacturing cisterns, and from accumulating therein inflammable matter, until the buildings shall have been put in a condition to afford security against

fire, and ordering him to remove from said premises such inflammable materials therein; that the plaintiff in the case has threatened to execute said judgment and to disturb him in the use and enjoyment of the property which belongs to him. The petition concludes with a prayer that a preliminary injunction issue, that after due proceedings he be declared to have complied with said judgment and that the injunction be perpetuated.

The district judge returns: That he has declined the relief asked, after hearing the parties on a rule *nisi*, that there is no suggestion, in the petition that any process or writ has been applied for, or issued by the defendants for the execution of the judgment, nor that they propose any action, except the general statement that they threatened to execute said judgment, without indication when it was done, or that any action was contemplated, except through the court; that if he has erred in the exercise of the discretion vested in him, his error can be revised on appeal only, etc.

So that, two question are presented:

1. Whether the alleged error is revisable only on appeal.

2. Whether the case presented is one in which a *mandamus* should issue.

I.

It is no doubt a rule long settled, that generally a *mandamus* does not lie to reverse the judgment of an inferior court, and to command the judge thereof to render a particular judgment. The last rulings on that question are to be found in 28 A. 905 and in 31 A. 794, in both of which it was distinctly determined that a *mandamus* could not issue to compel a judge to grant an injunction, when he had refused one.

It has, however, been held that, where a party presents a proper petition for an injunction, which complies with all the requirements of the C. P., it is the *duty* of the judge to whom it is submitted, to grant the writ and that the relator is entitled to it *as a matter of right*. 29 A. 796; 30 A. 798; O. B. 49, 469. Those were not, it is true, cases in which a *mandamus* was asked; but what was there said is not the less significant, as the announcements made were designed to secure important rights in litigants and to guard against oppressive denials of justice by those entrusted with the administration of law.

The rulings made, denying the relief by *mandamus* from the earliest days of jurisprudence to the present time in this State, rest upon the theory that this Court was without power to issue it, as its jurisdiction was appellate only. It has, nevertheless, sometimes assumed, not-

withstanding its restricted sphere of action, in cases deemed of great necessity, to allow the remedy and to command specific action by judges of lower courts.

Thus in 14 L. 478, the court has issued a *mandamus* directing a probate judge to make an appointment of an undertutor. In 4 R. 50 it said : That a *mandamus* could issue, even where a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such immediate injury, or mischief, as ought to be prevented, to enable this tribunal to command inferior courts to act in cases where delay will cause damage and injustice. In 7 A. 126, which was an application for a *mandamus* to compel a judge to reduce to writing, a judgment verbally rendered and, in due course, to sign it, while declining the relief the court said, that it could properly interfere only where there is a clear abuse of discretion, tending to create a manifest failure of justice and permanently frustrate the right of a litigant to have his cause placed in such a condition as to enable him to have the benefit of the appellate jurisdiction of this Court which the Constitution has conferred upon it. It has the power to award writs of *mandamus* in cases within that jurisdiction, for the necessary maintenance of it. In 17 A. 189, it has ordered a lower judge to decree the execution of a will. We neither criticise nor approve those rulings.

In the case of State *ex rel.* Padron, 31 A. 794, in which a *mandamus* was asked to compel a judge to issue an injunction, decided by our immediate predecessors, it was said, that Articles 820 and 821, C. P., are sufficiently broad and would authorize the writ, if the court had not been restrained by the constitutional provision, which declares that its jurisdiction is appellate only; thus intimating that but for that restriction, and had it a more enlarged jurisdiction, it could grant the relief asked, on a proper showing.

Since that opinion was rendered, the condition of things has changed. The Constitution of 1879 has conferred on this Court not only an appellate, but also an unqualified supervisory jurisdiction over all inferior tribunals, thus enabling it to act, when preceding courts of last resort, had proved powerless so to do.

In the case of State ex rel. City, 32 A. 550, in which the present Court first had occasion to consider the object and extent of Article 90 of the Constitution, which confers this supervisory control and jurisdiction, it was deliberately announced, after review of all anterior laws and jurisprudence that, as under the existing Constitution the previous restriction as to jurisdiction does not so broadly operate, the

Court was perhaps more at liberty to give effect to these articles of the Code of Practice and it has been held that, in a proper case, where the requirements of the law had been complied with, the right to an injunction is absolute and the judge without discretion to refuse it—*mandamus* might be a proper remedy in a case clearly sufficient on the facts and where no question of law is involved.

It was there further said, that the context of Article 90 makes it clear that our revisory power should only be expressed through the medium of the stated writs; that the articles of the C. P. regulating them are broad enough to cover many cases which were excluded from the cognizance of the late Supreme Court, under the provision of the former Constitution, declaring that the Supreme Court shall have appellate jurisdiction only. Under the interpretation of that provision (Art. 90) it was held, that this Court is emancipated from the restraint and that it may issue said writs, in all cases covered by the provisions of the Code of Practice, both in appealable and unappealable cases, under a proper showing. See also 32 A. 555, etc.

So that, the articles of the Code of Practice, which had remained dormant—as it were, a dead letter—have since been vivified. They now are in full force and effect, assisting and guiding us in the administration of justice, in the exercise of our supervisory jurisdiction.

Referring to that Code, the wise provisions of which have long slumbered, we find it distinctly stated that the object of the writ of *mandamus* is to prevent a denial of justice; that the writ should, therefore, be issued where the law has assigned no relief by the ordinary means and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever. It arises, says the Code, at the discretion of the court, even where a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the administration of justice may suffer from it. C. P. 830, 831.

In cases like the present one, in which an injunction was refused *in limine*, after hearing on a rule *nisi*, it has been held that an appeal lies; but it has never been decided that such an appeal, even if allowed as a suspensive one, would operate as the desired injunction whould have done, had it been granted. Indeed, it is hard, not to say impossible, to conceive how a suspensive appeal from a decree refusing an injunction can produce the effect of preventing the act which the injunction sought would have arrested had it been allowed.

It would be highly dangerous to the administratio of justice to give to an appeal from an order refusing an injunction, the effect of preventing the act which the injunction, if issued, would have arrested, for in all cases in which an injunction would be declined, even rightfully, lawful acts would be invariably suppressed. No doubt an appeal lies, but if termed suspensive, it is barren of effect in that sense.

So that, if there be a remedy it is not an *adequate* one, and if a party entitled to an injunction is refused the same, he remains with a right but without a remedy—at the mercy of a district judge, unless this Court can interfere and relieve him from the effect of a denial of justice.

Where a clear case for an injunction is presented, it is the duty of the judge to grant the relief. He has then no more discretion to exercise than when seasonable application is made and a proper bond tendered for an appeal in an appealable case.

In such a case it is manifest that justice and reason require that some mode should exist of redressing at once the wrong or the abuse of power on the part of the district judge, even if there be other means of relief, or the slowness of ordinary legal forms would produce such a dely that the administration of justice may suffer from it.

On this branch of the case, we, therefore, conclude that this Court has jurisdiction to issue a *mandamus* to compel a district judge to allow an injunction *in limine*, whenever a proper state of facts is presented and all the requirements of the law have been complied with.

In such case, this Court may grant a restraining order which will operate provisionally as the injunction asked but declined, would have done had it been allowed.

## II.

But it does not follow that, because this Court has such power to interpose its authority in cases of emergency and denials of justice, it will thus interfere, whatever be the case presented. It will issue the writ in its discretion, according to the exceptional features of each case submitted.

In the present instance the district judge has adduced satisfactory reasons, resting both on an absence of facts and a consideration of the law, for refusing the injunction asked, which are substantially, that the petition is deficient, as it discloses no cause of action. We do

not propose to elaborate those reasons which are indicated in the beginning of the opinion and which we deem amply sufficient to exonerate the respondent from the charge of an arbitrary, illegal and wrongful denial of justice.

It is, therefore, ordered that the restraining order herein made be rescinded and that the application for a *mandamus* be refused at the cost of relator.

Rehearing refused.