## No. 9511.

THE STATE EX REL. GEO. NICHOLSON AND WIFE ET AL. VS. THE JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, DIVISION A.

In an application for mandamus to compel an inferior judge to grant a preliminary injunction which he has refused, the mere allegation of error in the ruling, unaccompanied by any charge of arbitrary or oppressive conduct, denial of justice, refusal to perform any duty, or by any showing of absence or inadequacy of other means of relief, will not support the remedy sought. The writ of mandamus is an extraordinary remedy, only allowed under the exceptional circumstances set forth in the law, the existence of which must be sufficiently set forth in the petition.

APPLICATION for Mandamus.

*Thos. J. Semmes* and *Robt. Mott* for the Relators.

Respondent judge *propria persona.*

The opinion of the Court was delivered by

FENNER, J. This is an application for the exercise of our supervisory jurisdiction by making peremptory a writ of *mandamus* commanding the inferior judge to grant a preliminary injunction, which, upon due consideration and for reasons given, he has refused.

The petition for the mandamus is barren of any allegations supporting the relief asked. It does not charge the respondent judge with any arbitrary, oppressive or illegal conduct, or with failure or refusal to perform any duty of his office, nor does it set forth the absence or inadequacy of other means of relief. The sole qualification of the conduct of the judge is contained in the phrase: "The court refused the injunction on authorities which your relators believe are not obli gatory and have no application"—and no other ground for our interference is assigned.

We are merely asked to correct an alleged error in the ruling of the judge, and no showing is made justifying the substitution of the extra-

ordinary remedy by mandamus for the ordinary relief by appeal which the law affords.

The articles of the Code of Practice touching the writ of mandamus. and our decision in the case of State *ex rel.* Murray vs. Judge, 36 Ann.. 578, sufficiently indicate the exceptional circumstances under which alone this relief is granted and the necessity of alleging their existence as a prerequisite to the remedy.

We have no occasion, therefore, to proceed to the consideration of the correctness *vel non* of the judge's ruling; but see N. O. vs. Tel. Co., 37 Ann. 571.

It is, therefore, ordered that the restraining order herein issued be rescinded and that the application for *mandamus* be refused at cost of relators.

Rehearing refused.