No. 9839.

THE STATE EX REL. M. J. SAVAGE VS. N. H. RIGHTOR, JUDGE, ETC.

Mandamus will not lie to compel a judge of the district court to grant an injunction which he has refused, when the case for injunction does not fall within any specific provision of law, but is based only on the general provision of Article 303, C. C., authorizing judges to grant injunctions when necessary "to prevent any injurious act." Such applications are addressed to the discretion of the judge, which is not subject to control under our supervisory jurisdiction.

APPLICATION for Mandamus.

*Alfred Goldthwaite* for the Relator.

*W. S. Benedict* and *Henry Renshaw* for the Respondent.

The opinion of the Court was delivered by

FENNER, J.   The facts out of which this application grows are briefly these :

McCall brought a petitory action against Savage to recover certain immovable property.   Savage answered, setting up general and special defenses and praying, in event of judgment against him, that he be recognized as a possessor in good faith and as such entitled to the value of improvements and disbursements.

The district court rendered judgment rejecting McCall's demand and the latter took an appeal to the court of appeals.   That tribunal rendered its final decree as follows: That there be judgment in favor of plaintiff and against defendant, "decreeing the said William John McCall to be the owner, *and as such entitled to the possession* of the property described in the pleadings," (describing said property) "and that the plaintiff's rights to sue for and recover the rents and revenues of said properties be and the same are hereby reserved; and it is further ordered, adjudged and decreed that there be judgment rejecting the reconventional demand of the said defendant, M. J. Savage, for disbursements in respect of said above described properties, as having been made too vaguely and indefinitely in his pleadings to entitle him to make any proof thereof on the trial, or to recover any judgment therefor in this action; with reservation to the said M. J. Savage of the right to sue hereafter, as he may be advised, for the recovery of any disbursements in respect of said property made by him and for which he may be entitled to recover according to law in a proper proceeding."

This decree was rendered executory by proper proceedings in the district court.

Thereupon, Savage, availing himself of the reserve in his favor contained in the decree, brought his action against McCall for his disbursements, alleging his possession in good faith and his right under Article 3453, C. C., to retain the property until he is reimbursed the expenses he has incurred on it.   Further averring that McCall was about to execute the foregoing final judgment and thereby to dispossess him without such reimbursement, he applied for a writ of injunction, on due affidavit and bond, restraining such execution and dispossession until the reimbursement claimed was made.

The judge, after hearing the parties, concluded that it would be improper for him to enjoin the execution of a final decree of the appellate court having jurisdiction over him, which decree unambiguously recognized McCall as entitled to be put in possession of the property, without restraint or qualification, and he refused to grant the injunction.

Hence, this application for mandamus, in which relator, averring that it was the plain duty of the judge to issue the injunction, that his refusal was a denial of justice and that it will work him an irreparable injury for which he has no other adequate remedy, appeals to our supervisory jurisdiction for relief.

The case falls clearly and distinctly within the authority of New Orleans vs. Telephone Company, 37 Ann. 571, in which, after full discussion, we reached the conclusion summarized in the syllabus, as follows:

"In cases not falling within those specially provided in the Code of Practice or other statute as proper for the issuance of injunctions, but based on the general discretion vested in judges to grant injunctions when necessary to prevent any injurious act, the application is addressed to the sound and legal discretion of the judge."

We search the articles of the Code of Practice and the statutes without finding any provision authorizing injunction in the specific case presented by relator, except the last clause of Article 303; and having held that, as to applications under this general clause, "discretion is vested in the judge to determine whether the injurious act set forth is one proper for the exercise of the remedy by injunction," that at once removes the case from the pale of our supervisory jurisdiction. We use this power only to enforce the performance of duties imposed by law on inferior judges—never to control their discretion. The judge had, the right to exercise his discretion in the matter, and having done so in evident good faith, the question whether he erred or not is utterly irrelevant in this application.

The case of State ex rel. Murray vs. Judge, 36 Ann. 578, on which relator relies, contains nothing inconsistent with the foregoing. The Court was there occupied with the general question of whether, *in any case*, mandamus would lie to compel the granting of an injunction, and we held that, in "clear cases," it would; but we, by no means, held that it would lie in all cases; and, indeed, refused it in that very case.

It is, therefore, ordered that the mandamus be denied.