No. 13,233.

STATE EX REL JEAN LAFITTE vs. JUDGE OF DIVISION "C," CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

SYLLABUS.

1. The writ of injunction is not wholly a writ of right—a *legal* discretion as to the granting or withholding of same being vested in the court of the first instance. The doctrine in Bank vs. Webre, 44 La. Ann., 1083, and Cheatard vs. City, 10 La. Ann., 752, re-affirmed.

2. In a case where a political corporation, clothed with extensive powers of government, is sought to be restrained by writ of injunction demanded on an *ex parte* showing, and it being probable that matters of public health, or safety, or convenience are involved, the judge to whom the application is made exercises but a wise discretion when, instead of granting the order *instanter*, he directs the opposite party to be notified and cause shown, if any, why the writ should not issue.

3. The mere declaration by a town council that a certain street exists and directing its officers to open same, cannot operate to give the right of entry to its agents, for that purpose, as against private rights asserted on the basis of ownership and actual physical possession.

ON APPLICATION for writs of *mandamus* and prohibition.

---

*A. B. Philips* and *Albert Voorhies* for relator.

Respondent judge *pro se*; (*J. J. McLoughlin*, Asst. City Atty., and *Emile Pomes*, of counsel).

Submitted on briefs June 22, 1899.
Opinion handed down June 29, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   Relator applied to the Civil District Court, Parish ·of Orleans, for a writ of injunction restraining the City of New Orleans, through its officers, from tearing down and destroying the fences inclosing certain squares of ground of which he claims the ownership and possession.

He represented the squares in question to be bounded by Paris avenue, Warsaw street, Humanity and Richelieu streets; that he had the property fenced up and was using the same .for his purposes, including the herding of cattle; that the city had sent a force of men to enter upon his premises and remove his fences; that this would be done unless restrained by the court; and that the doing of same ·would result in damages to him (relator) in the sum of $2,500.

He averred that there had been no dedication of his property to ·public uses, no expropriation of the same for public purposes, and ·that the city was wholly without right in·the premises.

The district judge, to whom the application for injunction was made, declined to grant the order outright, but, instead, directed a rule to be taken against the City of New Orleans to show cause, on a ·day and hour fixed, why the writ of injunction should not be granted as prayed for, and, meanwhile, issued a restraining order against the city to preserve the existing status until the court could act further on ·the ·application· made.

At the time designated for the trial of the rule the City of New Orleans answered that in compliance with certain ordinances (naming them), adopted by the City Council, it was made the duty of the Commissioner of Public Works to cut away the wire fences obstructing Bruxelles street, in said city, from Gentilly road to Ne Plus Ultra ·street, on lines to be furnished by the City Engineer, and that the commissioner was proceeding to execute his said duty and open Bruxelles street on the lines so furnished by the City Engineer's .office, without any intention or purpose to enter upon private property.

There was annexed to the answer a blue print copy showing the location of Bruxelles street and other streets and squares of ground in that part of the city.

From this it appears the contention of the city is that one of its public streets has been interfered with, obstructed and closed by somebody's fences, and it (the city) was only proceeding to open the street and free it from these obstructions when checked by the restraining order issued at the instance of relator.

Proceeding with the trial of the rule, the city, in support of its reply thereto, offered in evidence the ordinances of the council directing the opening of Bruxelles street by the cutting of the wire fences running across the same.

Counsel for plaintiff (relator here) objected to the introduction of any evidence on the ground that none is admissible on a rule *nisi* for an injunction, and that the application for the provisional injunction is to be determined on the face of the papers. He objected to a trial of the case on its merits, and declined to go further in the matter of the rule to show cause than to have his right to the injunction determined on the face of the papers.

The judge ruled against his objection to the evidence offered, whereupon he reserved a bill of exceptions, declared he submitted the case upon the motion for the injunction and withdrew.

Considering the case as presented by the petition and affidavit of plaintiff, on the one side, and the answer of the city to the rule to show cause and the evidence offered in support of its answer, on the other side, the judge declined to grant the injunction and set aside the restraining order.

Whereupon, the present application for *mandamus* to compel the judge to grant the order, and for a writ of prohibition to prevent the setting aside of the restraining order, and to prevent the city from acting contrary to the restraining order, was made.

An order was entered here directing the judge to show cause why the writs applied for should not issue.

As showing cause, the judge replies that the injunction applied for is not such as relator is entitled to of right; that the answer and exhibits of the city, filed in his court, negative the contention of the relator that the squares of ground he claims the ownership of or possession of are about to be invaded by the agents of the city; that all the city is seeking to do is to remove obstructions from a

State ex rel. Lafitte vs. Judge.

public road; and that courts will not lightly interfere with municipal corporations in the exercise of their ligitimate police powers.

The issue thus made up is whether relator was entitled of right to the injunction he applied for on the face of his petition, or whether the judge could exercise a discretion in the matter, direct the city to show cause why the writ should not issue, enter the restraining order meanwhile, and then, on the trial of the rule, determine, as he did, that it was not a case where the writ should issue.

In Bank vs. Webre et al., 44 La. Ann. 1083, the court reviewed to some extent the jurisprudence on this subject, and mentioned that the writ of injunction is not wholly a writ of right, but that a legal discretion in regard to the granting or withholding of same is vested in the court of the first instance. In Chatard vs. City, 10 La. Ann. 752, it was said: "We think it would be a prudent and proper practice, in cases affecting the public health or convenience, or the enforcement of police regulations generally, that applicants for writs of injunction should be required, before the writ is granted, to establish, contradictorily, at least a *prima facie* necessity for the protection of the writ."

We affirm anew the doctrine of these decisions, it being always understood that the discretion so to be exercised by the lower judge is subject to review by this court in case of abuse of such discretion.

In the instant case it is a political corporation of the State, clothed with extensive powers of government, that is sought to be restrained by a writ of injunction demanded on an *ex parte* showing. In such case, it may well be, to more or less extent, that the public health, the public safety, the public convenience is involved, and the judge, to whom application for the writ is made, exercises but a wise discretion when, instead of granting the order *instanter*, or on the *ex parte* showing of the applicant, he directs the party against whom the writ is invoked to be notified and cause shown, if any there be, why the writ should not issue.

And when the matter comes up on rule thus taken, while a trial in full on the merits should not be gone into, nor latitude of testimony allowed, still the defendant, in such a case like the present one, should be permitted to make such a showing by answer to the rule and such substantiation of his answer as will enable the court to act within the limits of a sound discretion in granting or withholding the injunction.

For instance, it was proper for the city, answering the rule to show cause, to set up that it was merely seeking to open a public street which was obstructed by plaintiff's fences, that the ground forming the street had been, prior to plaintiff's claim of ownership and posession, duly dedicated to public use as a street, or legally expropriated for such purpose and laid out as a street, and that the proper municipal authorities had ordered the obstructions removed and the street opened.

This could all be shown by documentary evidence annexed to and made part of the answer to the rule, and if the documents are authentic, or if not, if they be properly verified, and if they show the state of facts described, it would be to exert a wise discretion on part of the judge not to fetter the city by injunction in the exercise of its police powers in subservience of the public convenience.

We hold, therefore, that there was no error on part of the lower judge in directing the city to show cause before granting the order for injunction, and in permitting the city to make answer to the rule and exhibit the ordinances under which its agents were acting.

But more than the council ordinances directing the City Engineer to lay out the lines of Bruxelles street, and directing the Commissioner of Public Works to remove the wire fences and open the street, should have been shown by the city in reply to the rule.

The ancient or early laying out of the street, or the dedication of the ground forming it to public use for street purposes, or the donation or expropriation of it for such purposes, or something similar, should have been exhibited.

The mere declaration by a Town Council that a certain street exists and directing its officers to open the same, cannot operate to give the right of entry to its agents for that purpose as against private rights asserted on the basis of ownership and actual physical possession.

We must hold, therefore, that the city made an insufficient showing as against the demand for preliminary injunction, and, accordingly, that plaintiff (relator) is entitled to the order he applied for.

But all the rights of the city are reserved to present its case fully on the trial of the merits.

Let peremptory writs of *mandamus* and prohibition issue as prayed for, at the costs of the City of New Orleans.