PROVOSTY, J.
Plaintiff and relator, the Houston Ice & Brewing Association, was drilling an oil well upon a certain 10-acre tract of land, of which it was in possession by virtue of an oil lease, when it was enjoined from proceeding further at the suit oí the defendant company, the Murray Oil Company, Incorporated, who was lessee of the 10-acre tract adjoining on the east — -the plaintiff and relator’s land being the N. W. % of the S. W. i/i of S. W. % of section 14, and that of defendant the N. E. % of the S. W. % of S. W. % of same section. A survey was made which established the line between the two tracts, and thereupon the defendant dismissed its injunction suit.
Under shadow of said injunction, however, defendant had drilled on relator’s 10-acre tract a well known as Murray No. 4.
Plaintiff and relator then brought suit for damages alleged to have been caused by the said injunction. This damage suit was filed on July 23, 1919. Nineteen days thereafter, on August 11, 1919, defendant applied for another injunction against plaintiff arid relator. In its petition, after having alleged that it had a lease on, and was in possession of, the said eastern 10-acre tract, and was developing it for oil and gas, and that the plaintiff and relator was in possession of the other tract, it alleged as follows:
“That the said Houston Ice & Brewing Association is trespassing upon the said N. W. ^4 of the S. W. of the S. W. % of section 14, township 21, range 15, against the will and protest of petitioner, and is building a fence upon the property on which petitioner has an oil and gas lease, and by said fence is separating what is known as well No. 4 owned by petitioner from its other wells, and is thereby hindering petitioner in the prosecution of its work, and is operating to the great injury and damage of petitioner.”
And the prayer for the injunction was that the plaintiff and relator be prohibited—
“from trespassing upon the oil and gas lease owned by petitioner hereinabove described, or building a fence or placing any obstruction whatever upon said property, or doing anything to disturb petitioner in the possession of said, property,” etc.
Three days thereafter, on August 14, 1919; plaintiff and relator filed in its said suit a supplemental petition, in which it alleged that the defendant was about to trespass again on plaintiff and relator’s said leased land by tampering with said well Murray No. 4, and thereby further injure plaintiff and relator and asked for an injunction.
In the original petition, of which the supplemental petition renewed all the allegations, it was alleged that this Murray No. 4 tvas a salt water well, negligently drilled by 1 defendant, which permitted salt water to. flow through and contaminate the oil sand, and that after the boundary lines had been established by the survey, defendant had discontinued its said injunction suit, thus recognizing the said boundary to have been correctly fixed.
Defendant was ruled to show cause why the injunction thus prayed for by plaintiff and relator should not issue, and answered that said injunction, if issued, would be a counter injunction to that issued on August 11, 1919, against plaintiff and relator, which prohibited plaintiff' and relator—
“from interfering or molesting or disturbing defendant’s quiet and peaceful possession of said well Murray No. 4, which well is in the possession of defendant.”
The learned trial judge so considered, and' refused the injunction, and plaintiff and relator then filed the present application to. this court to compel the granting of the injunction.
[1] The said injunction of August 11th did not prohibit plaintiff and relator from interfering with defendant’s possession of Murray well No. 4, but what it enjoined' plaintiff and relator from doing was to—
“trespass in any manner upon the oil and gas. lease owned by petitioner hereinabove described,. *1053 or building a fence or placing any obstruction upon said property.”
With that injunction the injunction now sought to be obtained would not conflict in any manner. The former would relate exclusively to the eastern 10-acre tract of which defendant has a lease, and the latter exclusively to the western 10-acre tract of which plaintiff and relator has a lease.
One of the allegations of the defendant in the petition in which it applied for said injunction of August 11th was that plaintiff was in possession of said western tract.
[2, 3] The case presented by plaintiff and relator is clearly one for an injunction, and one in which the supervisory power of this court should be exercised for directing the injunction to be issued. State ex rel. Murray v. Lazarus, 36 La. Ann. 578.
The alternative writ of mandamus herein issued is therefore now made peremptory, at the cost of the defendant, the Murray Oil Company.