(103 So. 389)

No. 27068.

## MARCEV v. MANDICH et al.

(March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Injunction** ⊛⟹1—**Granting or refusing of injunction, based upon general Code provisions, rests in sound discretion of district judge.**

   Granting or refusing of injunction, based not upon any specific provision of law, but upon the general provision of Code Prac. art. 303, rests in sound discretion of the district judge.

2. **Injunction** ⊛⟹136(1)—**When Supreme Court will order district judge to grant injunction in limine stated.**

   A district judge will be ordered to grant an injunction in limine, where a clear case is presented, and the requirements of law have been complied with, and where injury would result were the apprehended act sought to be prevented not arrested.

3. **Trade-marks and trade-names and unfair competition** ⊛⟹67—**Trade-names will be protected against unfair use, simulation, or imitation.**

   Trade-names will be protected against unfair use, simulation, or imitation.

4. **Trade-marks and trade-names and unfair competition** ⊛⟹95(1)—**Refusal to grant preliminary injunction to restrain use of trade-name held error.**

   Where plaintiff conducted a restaurant for five years under the name of "Marble Hall Branch," refusal to grant preliminary injunction to restrain use by defendants of the trade-name "Marble Hall Branch No. 3," to designate their restaurant business two blocks away, *held* error.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Application for injunction by John Marcev against Chris. Mandich and another. From an order refusing to grant a preliminary writ, plaintiff appeals. Order set aside, and cause remanded, with instructions.

Prowell & McBride and William Boizelle, all of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellees.

ROGERS, J. This is a suit to restrain the defendants from using the trade-name under which plaintiff is conducting his business of restaurant and café in the city of New Orleans, and for the recovery of the damages caused by defendants' alleged unlawful acts.

Plaintiff prayed for a preliminary injunction. The judge a quo granted a temporary restraining order, and issued a rule nisi upon defendants to show cause why a preliminary injunction should not be granted.

A hearing was had upon the rule nisi, when the judge a quo rescinded the temporary restraining order and refused to grant the preliminary writ of injunction prayed for, from which order of refusal plaintiff has devolutively appealed. Act 29 of 1924, § 5.

It appears that plaintiff is the owner of a restaurant and café business, which he has been operating for five years under the name "Marble Hall Branch" at No. 802 North Rampart street, in the city of New Orleans, having purchased said establishment from one Nick Gentilich; that by means of advertising, careful attention to business, and courteous treatment of his patrons he has built up an established and lucrative trade; that the defendants were in his employ as waiters, and thereby became acquainted with the value of his trade-name; that they left his employ and opened up a similar business to that conducted by plaintiff under the name of "Marble Hall Branch No. 3," locating said business on North Rampart street, only two blocks distant from the establishment of plaintiff; that they put up signs and advertised their business under the name of "Marble Hall Branch No. 3," and arranged to have a telephone under said name placed in the telephone directory; that by reason of the use of said name defendants had actually attracted to their estab-

lishment some of the patrons of plaintiff under the belief that they were patronizing plaintiff.

Defendants explain the use of the name adopted by them by showing that Mandich, one of the defendants, had asked one John Gentilich, his uncle, if he had any objection to the use by the defendants of the words "Marble Hall Branch" to designate their place of business, and that Gentilich had replied that he had no objection. Gentilich had, at one time, owned a place of business on Lafayette street, something over a mile away from the North Rampart street location, which he conducted under the name of the "Marble Hall." At the time of his conversation with Mandich he was no longer the owner of said business, having parted with it some months previously, and naturally was not concerned with whether defendants operated their business under said name or not. Besides, it appears that the Lafayette street business did not bear any name whatever, the name "Marble Hall" having been painted out during the past summer.

[1] It is well settled that this court will not compel a district judge to grant an injunction which he has refused, when the application for the injunction is not based upon any specific provision of law, but upon the general provision as contained in Code Prac. art. 303, authorizing judges to grant injunctions when necessary "to prevent any injurious act," the granting or refusing of such an injunction being addressed to the sound discretion of the judge. State v. Rightor, 38 La. Ann. 916; Johnson v. Judge, 40 La. Ann. 852, 5 So. 416; Denis v. Judge, 105 La. 732, 30 So. 101.

[2] But it is equally well settled that a district judge will be ordered to grant an injunction in limine where a clear case is presented, and the requirements of the law have been complied with, and where injury would result were the apprehended act sought to be prevented not arrested. Lafitte v. Judge, 51 La. Ann. 1768, 26 So. 374; Lehman v. King, 46 La. Ann. 174, 15 So. 283; State ex rel. Nicholson v. Judge, 37 La. Ann. 842; State ex rel. Murray v. Lazarus, 36 La. Ann. 578.

[3] It is unnecessary to cite authority, of which there is no end, holding that tradenames will be protected against unfair use, simulation, or imitation.

[4] In the circumstances of this case, we are of the opinion that the judge a quo erred in refusing to grant the preliminary writ of injunction applied for by plaintiff.

For the reasons assigned, it is decreed that the order herein appealed from be and it is hereby set aside, and it is now ordered and decreed that this case be remanded, with instructions to the district judge to issue the preliminary writ of injunction as prayed for by plaintiff, upon his furnishing bond, conditioned as the law directs, with good and solvent surety in such sum as the said judge shall fix, the said case thereafter to be proceeded with according to law; defendants paying costs of appeal.

O'NIELL, C. J., concurs in the decree.