DORE, Judge.
On or- about August 26, 1945, John Credeur and Joseph E. Simon, Oran Pre-jean and Cletus Mier organized the business of operating a taxicab service under the name of Diamond Cab Company, in the City of Lafayette, Louisiana. At the beginning, these four individuals owned two cabs, and shortly thereafter, Simon Prejean and Mier sold all their interests to John Credeur, who in turn, sold an undivided one-half to 'Chester Credeur. It also appears that on -or about September 10, 1945, the original parties in the taxi business permitted the defendant to run his car in connection with their business. It is also alleged and shown that a sign painter by the name of Downs painted the Diamond Cab insignia and the name on plaintiffs’ cab on or about September 10, 1945. It is further shown that the phone number of the Diamond Cab Company was number 402. The plaintiffs allege that during the latter part of January, 1948, there was a disagreement between them and the defendant, and that thereafter, the defendant continued to operate under the name of Diamond Cab Company and continued to use the phone number 402, and “that the said defendant is making unfair use of the name Diamond Cab Company and of the telephone number.” Plaintiffs sue to be decreed to be owner of the Diamond -Cab Company trademark and of the phone number 402, and also -pray for damages in the amount of $500.00 for the unfair use of said trade-name and 'said phone number by the defendant.
The defendant, in his answer, alleges that he originated and designed the emblem or trade-mark and trade-name and was the first to use the same, and his use thereof in the taxicab business in the City of Lafayette, Louisiana, pre-dates its use by plaintiffs or any of their alleged predecessors. He further alleged that he permitted the plaintiffs to operate their taxis from the Diamond Cab Company location and permitted them to use the name and telephone number, “but at all times the said name, design and telephone number remained the property of respondent and never belonged to plaintiffs or any of his predecessors.” He then set up a reconventio-nal demand for an injunction to prevent the plaintiffs from using and appropriating the trade-name Diamond Cab Company and the diamond insignia, and also prayed for damages.
After hearing the -case, the trial judge, for written reasons assigned, rendered judgment in favor of plaintiffs, John and Chester Credeur, and against the defendant, E. Kade Jones, recognizing plaintiffs’ ownership to the emblem and name of Diamond Cab Company and enj oining and restraining the said defendant, E. Kade Jones, and his agents and employees from using in his business or on his cabs the emblem and trade-name Diamond Cab Company, and rejecting plaintiffs’ demand for damages and also rejecting the plaintiffs’ demand for an injunction preventing the defendant from using the telephone number 402, and rejecting defendant’s recon-ventional demand. From this judgment, the -defendant has appealed, and before this--Court again insists that he is the owner of the Diamond Cab Company trade-mark. *327 The plaintiffs have answered the appeal, praying- that the judgment below be amended so as to award the damages in the amount of $500.00, and that, as so amended, it be affirmed.
The case involves strictly questions of fact, which are very well discussed in the written reasons for judgment of the trial judge. As brought out 'by the trial judge, the Diamond Cab Company was organized sometime in August, 1945, by the plaintiff, John 'Credeur, the defendant, E. Kade Jones and Joseph E. Simon, Oran Prejean and 'Cletus Mier. Under the plan worked out 'by them, Simon and Prejean were to furnish one car, and Mier and John 'Cre-deur were to furnish one car, and E. Kade Jones was to furnish one car. Under their agreement, the expenses to run the office were to ’be prorated between the five, but each one was to 'bear the expenses of operating his automobile and was to receive and retain all the fares he made and collected.
During the latter part of August, 1945, Mier, Jones, Simon and Prejean had a meeting at White’s Service Station, where Jones was employed, and at this meeting, it appears that the Diamond trade-name and insignia was agreed upon. The trial judge states that the evidence is not clear as to who suggested the name, but he felt justified in concluding that Jones originated or designed the insignia or emblem and drew a rough sketch of a diamond shape on a match box.
The trial judge also came to the conclusion, from the evidence, that following the conference above referred to, Credeur and Prejean called on Robert Downs, a sign painter, who painted *the emblem or trademark of Diamond Cab Company on the car to be operated by John Credeur and Cletus Mier and on the car to be operated by Oran Prejean and Joseph E. Simon.
The trial judge also correctly states that the record shows that on August 30, 1945, E. Kade Jones signed a contract with the Southern Bell Telephone & Telegraph •Company for a business individual line telephone at 206 E. Vermillion Street in Lafayette, and that this phone was installed on that date, August 30, 1945, and was given the number 402. The contract in question was signed Diamond Cab Company, by E. Kade Jones.
It seems clearly established that the telephone number 402 was installed on August 30, 1945, and that all the parties except the defendant began operating a taxi business under'the name of Diamond Cab Company on or 'before that date, and that the emblem and trade-name was painted on the two cars in question on or before August 30, 1945; that at that time, the defendant was employed by J. K. White, and that for that reason, he did not begin the actual operation of a taxicab business until September 10, 1945, and the emblem and trade-name, Diamond Cab 'Company, was not printed on his automobile until September 13, 1945.
The trial judge states:
“After a careful consideration of all the evidence in this case, I am satisfied that the emblem and trade name ‘Diamond Cab Company’ was painted on the car owned by John Credeur and Cletus Mier and on the car owned by Joseph E. Simon and Oran Prejean, and that the same was adopted and used by them prior to September 10, 1945, the date on which the defendant actually began the operation of the taxi business.
“It is the defendant’s contention that he was the originator and first proprietor of the insignia or emblem and the owner of the trade name ‘Diamond Cab Company.’
“Defendant states in his brief:
“ ‘It was Jones, and Jones alone, who developed the idea of going into the Taxi ■business. He was the one who named Diamond Cab Company and he was the one who confected and designed the emblem to be painted on the taxicabs. He was the Diamond Cab Company and it was his trade name and under that name on August 30, 1945, he -made application for and received telephone number 402 from Southern Bell Telephone and Telegraph Company, which phone was installed on that date.
“ ‘The claim of the plaintiffs is based entirely on their erroneous assumption that just because two of the cabs carried the insignia for about ten (10) days or less, prior to Jones’s cab, that they are entitled to the same under the doctrine of secondary use *328 of a trade-mark or trade name. Nothing could be more erroneous for the evidence shows quite distinctly the origination thereof by Jones and his authorization and permission to the others to use it on their cabs.’
“The Court cannot agree with defendant when he states he was the Diamond -Cab 'Company. He may be the one who originated the name and the emblem and who suggested it to the others, but the four who met at the White’s Service Station all agreed to adopt the name and the emblem.”
We can -find no error in the -conclusion of the trial judge set forth hereinabove.
In so far as the trade-mark or trade-name is concerned, we agree with the trial judge that the plaintiffs have established their prior use thereof an-d are entitled to the continued use thereof, as set forth in the case of New Orleans Checker Cabs, Inc., v. Mumphrey, 205 La. 1083, 18 So.2d 629, 633, wherein Chief Justice O’Niell, as organ of the Court, stated: “The law’s protection against unfair competition by the use of another’s trade name rests upon the deceit or fraud which the newcomer in the -business practices — not only upon the one already established in the business but also upon the public. 63 C.J. p. 323. In such -cases priority of appropriation of the trade name determines the question as to which one of the conflicting claimants is entitled to use the trade name. 63 C.J. p. 340; Handy v. Commander, 49 La.Ann. 1119, 22 So. 230; Paducah Distilleries Co. v. Crescent Mfg. Co., 6. Orleans App. 151. In Handy v. Commander it was said that the right to the exclusive use of a trade-mark was ‘founded (exclusively) on priority of appropriation’.”
It is also shown that in so far as the telephone number is concerned, the application therefor was -made by Jones individually, and therefore, the trial court was correct in concluding that said phone number belonged to the -defendant, and that he should not be enjoined from using it.
As found by the trial judge, there is no showing on which to support the claim of plaintiffs for damages and we are, again, in accord with him that the record does not justify the claim for damages.
Counsel for defendant makes a contention in his brief with reference to costs in which we find merit. His contention is that since the plaintiffs have sued for both the trade-mark and the telephone number, and the judgment is in their -favor in so far as the trade-mark is concerned, but against them in so far as the telephone number is concerned, the costs should be divided -between the parties equally. Using the discretion vested in us, the judgment will be so amended.
For these reasons, the judgment appealed from is amended by casting both the plaintiffs and defendant in equal proportion for all -costs incurred in both courts, and as thus amended, the judgment is affirmed.