**AMERICAN KENNEL CLUB**

v.

**AMERICAN KENNEL CLUB OF LA., INC.**

Civ. A. No. 13136, Division "B".

United States District Court
E. D. Louisiana,
New Orleans Division.

March 20, 1963.

Peter H. Beer, New Orleans, La., for plaintiff, American Kennel Club.

John F. Caraway, New Orleans, La., for defendant, American Kennel Club of La., Inc.

ELLIS, District Judge.

This Court has jurisdiction over the subject matter.

The plaintiff is a non-profit corporation originally established on September 19, 1884 and re-incorporated on May 8, 1908 by Chapter 280 of the Laws of 1908 of the State of New York. The defend-

ant is a Louisiana corporation, having received its Charter on January 9, 1963.

 The defendant has caused to be printed, issued and distributed certain application and registration forms which are clearly similar to those printed, issued and distributed by the plaintiff, and the distribution and use of these application and registration forms have caused, and if unchecked would continue to cause, confusion and loss to the public. The adoption and use of the name "American Kennel Club of La., Inc." by the defendant conveys an impression to the public that the defendant is connected with and sanctioned by the American Kennel Club, or as it is sometimes referred to, the "AKC". The "AKC" or American Kennel Club has clearly and positively come to have a well accepted generally well known secondary meaning. Such secondary meaning has attached to the use of the name for a number of years by reason of the consistent activities of the "AKC" or American Kennel Club, and as such, the secondary meaning is entitled to the protection of this Court.

The affidavits upon which this Court based the granting of a temporary restraining order have not been successfully refuted by the defendant in the hearing on the preliminary injunction.

The law's protection with respect to the deceptive similarity of trade names or names that have acquired a secondary meaning is two-fold in that it affords protection to the entity whose name is being copied and, perhaps more important, to the general consuming public. (Credeur et al. v. Jones, La.App., 46 So.2d 325) Trade names or names which have acquired a secondary meaning will be protected against unfair use, simulation or imitation. (New Orleans Checker Cabs, Inc. v. Mumphrey, 205 La. 1083, 18 So.2d 629). The granting of a right to do business by the issuance of a corporation charter does not thereby adjudicate the legal right of the corporation to use the corporation name chosen, and where there is deceptive similarity, in-

junctive relief is available. (New Orleans Checker Cabs, Inc. v. Mumphrey, 205 La. 1083, 18 So.2d 629) The District Court has the clear right to grant an injunction when a clear case is presented and the requirements of the law have been complied with and where injury would result where the apprehended act sought to be prevented is not arrested. (Marcev v. Mandich [Marble Hall Branch v. Marble Hall Branch #3], 158 La. 15, 103 So. 389).

There will be judgment accordingly.